Thomas W. Rogers v. John E. Harrison.

1. JUDGMENT BY DEFAULT.—Where suit is brought against three defendants, process issuing to all but appearing to be served on two, there being no return as to the third, and none of the defendants answer. it is error to take judgment by default generally, without correction by amendment, suggestion of mistake, discontinuance, or taking some action as to the defendant not served.

2. ESTATES—PRACTICE.—In the administration of an estate under a will, independent of the provisions of the statute, the property may be charged in the hands of the executor, and is liable to execution in the same manner as any other property which may be administered under a power; but if the holder of a claim brings suit against the estate, relying upon the will to take the estate and its management out of the operation of the provisions of the statute requiring claims to be presented to the executor before the institution of suit, the facts relied on must be fully stated; and the allegation that an executor has been appointed without bond being required, is not sufficient.

ERROR from Upshur. Tried below before the Hon. Z. Norton.

*C. C. Galloway,* for plaintiff in error.

No brief for defendant in error has come to the hands of the reporters.

REEVES, ASSOCIATE JUSTICE.—The judgment in this case is entitled " J. E. Harrison, Adm'r, *v.* Wm. H. Hart *et al.*"

It is recited in the judgment that the "defendant," without giving his name, made default, or if more defendants than one were intended to be embraced in the judgment, as may be inferred from the style of the case, it is not stated who they were. If the names of the parties against whom the judgment was rendered could be ascertained with clearness and certainty from any other part of the record, and there was no other reason than a defect in the form of the entry why it should not have been rendered, the judgment as entered might be regarded as sufficient though the form should not be followed in any case.

The defendant in error brought suit against Thomas W. Rogers, as executor of M. D. Rogers, deceased, and Caleb C. Galloway and William H. Hart, to recover the amount of a promissory note executed by the deceased, as principal, and the other defendants and Thomas A. White, who was not sued, as sureties, and payable to the defendant in error. Rogers and Hart were served with process. Three citations are copied into the transcript, and in all of them C. C. Galloway is named as one of the defendants. One copy of the citation and copy of the petition were delivered to defendant Hart, as appears from the sheriff's return, and two copies were delivered to Rogers on the same day, there being no return whatever as to Galloway. As Galloway was named in the writs as one of the defendants, it is probable that one of the copies was delivered to him, and not that two copies were served on Rogers. If this was the case the mistake might have been corrected by amending the sheriff's return, but no amendment was made or mistake suggested in the District Court. As Galloway was sued as one of the de-

fendants, and process and judgment were prayed against him, it should have appeared that some action was taken as to him by discontinuance or otherwise. The rule may be different where the record shows that the defendants who were served (naming them) appear and go to trial. In the present case no one of the defendants appeared, and the judgment was by default.

There is another objection to the judgment as affecting the estate of M. D. Rogers, deceased. The allegations of the petition are not sufficient to warrant a judgment to be enforced by execution against his estate.

Unless it is otherwise directed by a testator in his will, his estate is to be administered under the general laws regulating the administration of estates. The executor may be authorized by the testator to exercise powers under the will beyond the control of the court. The will may dispense with security by the executor, and with certain other requirements exacted by law in other cases. When an estate is to be administered under a will independently of the provisions of the statute, the estate may be charged in the hands of the executor, and is liable to execution in the same manner as any other property which may be administered under a power. The act of 1848, and that of 1870, regulating probate matters, make provision for such cases. M. D. Rogers died prior to the passage of the act of 1870 and during the time the act of 1848 relating to wills and the probate thereof was in force, and its provisions may enter into the consideration of this question, but to what extent, if at all, need not be examined. If the plaintiff relied upon the will to take the estate and its management out of the operation of the general provision requiring claims to be presented to the executor or administrator before the institution of suit, the facts should have been averred more fully and with greater certainty than is done in the petition. That this may be done, if it is sought to fix the liability of the executor in this mode, and because the judgment is

erroneous in other respects, the same is reversed and remanded.

REVERSED AND REMANDED.