### J. H. SULLIVAN ET AL. V. C. HALL.

Decided January 27, 1900.

**State School Land—Lease.**

One in possession of State school lands in Mitchell and Scurry counties by virtue of a five years lease thereof by the Commissioner of the General Land Office, executed May 30, 1898, was entitled by virtue thereof to recover the same from trespassers thereon showing no right thereto as applicants to purchase from the State or otherwise, since, as against one showing no right to purchase from the State, such lessee's rights were not affected by the amended Act of 1897. Gen. Laws 1897, p. 184.

APPEAL from Mitchell. Tried below before Hon. W. R. SMITH.

*C. R. Kinchen, Geo. W. Smith,* and *Henry & Henry,* for appellants.

*W. B. Crockett* and *Tarlton & Ayers,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee recovered the land in controversy, situated in Mitchell and Scurry counties, as lessee of the

State, under lease for a term of five years beginning May 30, 1898. He took possession of the land under his lease in July, 1898, by fencing and grazing it. Thereafter appellants severally entered upon it, but failed to show any right thereto as applicants to purchase from the State or otherwise.

Appellee held possession under a valid lease, and was clearly entitled to recover as against trespassers. If that part of the amended Act of 1897 which withheld from sale, "until otherwise provided by law," during the term of the lease, lands leased in Mitchell, Scurry, and other counties, was unconstitutional, which we are by no means inclined to hold, this lease was not for that reason invalid. The law both before and after that amendment clearly authorized the Commissioner of the Land Office to lease the school, asylum, and other lands, and whether or not he was authorized to execute leases that would not leave lands in that portion of the State subject to sale, it will be time enough to decide when a case is presented in which the right to purchase notwithstanding the lease is claimed.

With this qualification, we adopt the court's conclusions of law and fact, and affirm the judgment.

*Affirmed.*