### J. V. COCKRELL v. STATE OF TEXAS.

Decided February 3, 1900.

**1. Judgment by Default—Citation by Publication.**

In a case where some of the defendants are cited by publication, judgment final by default can not be taken against a defendant who has been personally served with citation until the appearance (second) day of the term next after publication has been completed. Only an interlocutory judgment by default can be entered prior to such day. Rev. Stats., arts. 1264, 1283.

**2. Same—Verification of Pleading—Amended Petition.**

In an action to foreclose the State's lien for taxes, it was error to render final judgment by default upon an amended petition not sworn to as required by the statute (Acts 1897, p. 134, section 6), although the original petition was so verified.

ERROR from Jones. Tried below before Hon. N. R. LINDSEY.

*Cockrell & Hardwicke* and *Theodore Mack*, for plaintiff in error.

HUNTER, ASSOCIATE JUSTICE.—This suit was filed by the State of Texas to recover judgment for taxes and to foreclose the lien given by law on a certain 1476-acre tract of land lying in Jones County. The defendants were J. V. Cockrell, John Bowyer, H. L. Bentley, John Womack, and unknown owners. Bowyer and Bentley disclaimed, and were dismissed with their costs. Cockrell and Womack were served with citation in September, in time for the October term, 1898, and so were the unknown owners, cited by publication. Neither Cockrell nor Womack filed an answer. On the first day of the April term, 1899, judgment by default final was rendered against Cockrell, Womack, and the unknown owners for the amount sued for, with decree of foreclosure and for sale of the land, and from that judgment Cockrell brings error to this court.

The first assignment of error is sustained, because final judgment by default could not be taken on the first day of the succeeding term of court to which the parties were cited, but the cause was not ready for trial until the appearance day, or second day of such term. Rev. Stats., art. 1264. An interlocutory judgment by default might have been taken against Cockrell on the first day or on any day of the preceding term on or after default day, but not a final judgment until after all the parties are fully before the court for final trial, unless there is a dismissal as to those upon whom service is not perfected so as to authorize a final judgment, because but one final judgment can be rendered in a cause under our statutes. Rev. Stats., art. 1283; Boles v. Linthecum, 48 Texas, 220.

It is also complained that the amended petition was not sworn to.

The statute of 1897, under which this suit was brought, requires it, and we think it was error to render judgment by default upon one not sworn to as required by law, although the original petition was verified.

For the errors above noted the judgment herein is reversed and the cause remanded.

*Reversed and remanded.*