HILL et al. v. STATE et al. (No. 7252.)

(Court of Civil Appeals of Texas. Galveston. Nov. 29, 1916.)

1. PROCESS ⬅6—AMENDMENT OF PLEADING —NEW CAUSE OF ACTION.

When a defendant has once been served with citation, he must take notice of any amendment of the petition not setting up a new or additional cause of action, but when the amendment presents an additional or new cause of action, citation must be issued thereon and served on him to authorize judgment by default thereon.

[Ed. Note.—For other cases, see Process, Cent. Dig. § 5; Dec. Dig. ⬅6.]

2. JUDGMENT ⬅17(1)—DEFAULT JUDGMENT —TAX JUDGMENT.

Where, in a suit by the state for unpaid land taxes, the amended petition sued for a much larger amount than the original, claiming taxes for additional years, and a number of defendants sued in the first were not joined in the second, the cause of action was changed, and default judgment on the amended petition without service of citation thereon was unauthorized.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 25; Dec. Dig. ⬅17(1).]

3. JUDGMENT ⬅101(1)—DEFAULT JUDGMENT —TAX JUDGMENT—VERIFICATION.

Under Rev. St. art. 7688, requiring petition in suit to collect delinquent taxes to be verified, etc., an unverified petition in such suit will not support judgment by default.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 168, 170; Dec. Dig. ⬅101(1).]

Error from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by the State against H. Masterson and others, in which amended original petition was filed, making additional defendants, George A. Hill and another, and also a second amended original petition, making defendants George A. Hill and others. Judgment for the State, and defendant George A. Hill and others bring error. Reversed and remanded.

Geo. A. Hill, Jr., of Houston, for plaintiffs in error.

PLEASANTS, C. J. The state of Texas brought this suit against H. Masterson and five other defendants, one of whom was plaintiff in error Julia Hill, to recover $484.94 alleged to be the amount of the state and county taxes due for the years 1901, 1904, 1905, 1907, and 1908 on a tract of land which was described in the original petition as "1,000 acres of land in the David Harris survey, abstract No. 26, said 1,000 acres being the same property referred to in a deed from Mrs. Annie H. Boxley to H. Masterson, dated and recorded in volume 145, page 28 of the deed records of Harris county, Tex., all said property being situated in the county of Harris in the state of Texas." By an amended original petition filed on April 12, 1913, additional defendants were made, among whom were plaintiffs in error George

A. Hill and Raymond Hill. The amount claimed by the amended petition was $724.-12, state and county taxes for the years 1901 and 1904 to 1911, inclusive, upon land described as in the original petition. Plaintiffs in error George A. Hill, Julia Hill, and Raymond Hill were duly served with citation on said amended petition, but did not appear or answer in said cause. On June 18, 1915, a second amended original petition was filed, in which only the plaintiffs in error and J. J. Sweeney and the Texas Town Lot & Improvement Company were made defendants. The amount claimed in this petition was $835.91, "taxes due for the year 1901 and the years 1904 to 1914, inclusive, on 949 acres of land, more or less, in the David Harris survey, and being the unsold portion of a 1,000-acre tract conveyed by Mrs. Annie Boxley to H. Masterson." This petition was not verified by affidavit of the attorney who brought the suit, nor of the county judge of Harris county, as required by the statute. No citations were issued on this petition, and no answers were filed, and no appearance made by any of the plaintiffs in error. On July 12, 1915, judgment by default rendered on said second amended petition in favor of the state of Texas against plaintiffs in error and J. J. Sweeney and the Texas Town Lot & Improvement Company for the sum of $1,081.95, and foreclosure of tax lien for said amount on 929 acres of land out of the David Harris survey in Harris county.

Plaintiffs in error ask a reversal of this judgment upon two grounds: First, because they were not served with citation upon the second amended petition on which the judgment was rendered, and did not answer or make any appearance in said cause, and the amount claimed in said petition being larger and being taxes claimed for additional years to those mentioned in the petition upon which plaintiffs in error were cited, and the claim not being against all of the defendants named in the petition on which they were served with citation, the trial court was not authorized to render a default judgment against them; and second, that the judgment was not authorized because the petition upon which it was rendered was not verified as required by the statute. Both of these objections to the judgment are valid and must be sustained.

[1, 2] It is unnecessary to cite authorities on the proposition that a judgment by default is unauthorized when the defendant against whom it is rendered has not been served with citation and has not answered or made appearance in the cause. When a defendant has once been served with citation, he must take notice of any amendment of the petition which does not set up a new or additional cause of action, but when the amendment presents an additional or new cause of action, citation must be issued thereon and served on the defendant to authorize a judgment by default upon such new or additional cause of action. The cause of action alleged in the petition upon which the judgment was rendered was not the same as that alleged in the petition upon which plaintiffs in error were served with citation. The amount sued for was much larger and is claimed as taxes for other years in addition to those mentioned in the first amended petition, and a number of the defendants who were sued jointly with plaintiffs in error in the first amended petition were not sued by the petition on which the judgment was rendered. Franklin v. City of Houston, 22 Tex. Civ. App. 459, 54 S. W. 913.

[3] It is provided by article 7688 of our Revised Statutes that a petition in a suit to collect delinquent taxes "shall be verified by the affidavit of" the attorney bringing the suit, "or the county judge, to the effect that the averments contained in said petition are true to the best knowledge and belief of affiant." It has been held, and we think correctly, that an unverified petition in a suit of this kind will not support a judgment by default. Cockrell v. State, 22 Tex. Civ. App. 568, 55 S. W. 579.

For the reasons indicated, the judgment of the court below against plaintiffs in error is reversed and the cause remanded.

Reversed and remanded.