## SINDORF v. CEN–TEX SUPPLY CO. et al.

### No. 4290.

Court of Civil Appeals of Texas. El Paso.

May 13, 1943.

A. T. Folsom, of Lomita, Cal., for plaintiff in error.

R. B. Rawlins, of Monahans, for defendant in error.

McGILL, Special Commissioner.

This is an appeal by writ of error for revision and correction of a judgment of the District Court of Ward County, 109th Judicial District.

The judgment was rendered on October 23, 1941, in a cause in which Cen-Tex Supply Company, a co-partnership composed of R. O. Noah, W. G. Hellinghausen and T. C. Kelley, was plaintiff, and Kenneth Slack, J. H. Sindorf and H. R. Sindorf were defendants. The suit was for $882.65 for debt as specified in an itemized, verified account for services performed for and materials furnished to defendants by plaintiff, and to foreclose a mechanic and materialman's lien covering such account on an

oil and gas lease on the N.E. ¼ of the S.E. ¼ of Section 145, Block 34, H. & T. C. Ry. Co. Survey, in Ward County. None of the defendants filed answer, appeared or participated in the trial of the case, either in person or by attorney. The judgment recites: "The defendants having been duly cited according to law and wholly making default and filed no answer," that a jury was waived and the cause submitted to the court, and that "plaintiffs do have and recover of and from the defendants as and for their debt the sum of $882.65 and all costs of suit," and forecloses the materialman's lien on the oil and gas lease and provides for order of sale. H. R. Sindorf alone sued out and perfected writ of error.

The first point on which the appeal is predicated is the entry of final judgment in the cause without all parties defendant having been cited. This is assigned as fundamental error.

The transcript discloses that plaintiff in error, H. R. Sindorf, and his co-defendant, J. H. Sindorf, were legally cited, but that the citation directed to defendant Kenneth Slack was served by the sheriff by delivering a true copy of the citation and accompanying copy of plaintiff's petition to T. F. Slack, "his attorney." This service was insufficient. Rule No. 106, Texas Rules of Civil Procedure. The law is well settled that on appeal from a judgment by default prosecuted in the suit in which the same was rendered, the judgment will be reversed for fundamental error unless the record contains a citation showing due service thereof, even though the judgment contains a recital that defendant was duly served with citation. Castleberry v. Castleberry, 134 Tex. 409, 135 S.W.2d 701; Flynt v. City of Kingsville, 125 Tex. 510, 82 S.W. 2d 934; DeProy v. Progakis, Tex.Com. App., 269 S.W. 78, and cases there cited.

This rule is applicable, though the liability of the party appealing is in no way dependent upon the liability of the party against whom judgment was rendered without legal service, where the party appealing, though legally cited, filed no answer and in no way appeared or participated in the trial. Rogers v. Harrison, 44 Tex. 169;

Cockrell v. State, 22 Tex.Civ.App. 568, 55 S.W. 579.

The rule is different where such party who was served appeared and went to trial. Rogers v. Harrison, supra; Gunn v. Miller, Tex.Civ.App., 26 S.W. 278; Bonner Oil Co. v. Gaines, Tex.Civ.App., 179 S.W. 686, at page 689, affirmed 108 Tex. 232, 191 S.W. 552, Ann.Cas.1918C, 574; Carlton v. Miller, 2 Tex.Civ.App. 619, 21 S.W. 697, at page 698, last par.

In such cases the error will not be reviewed at his instance, the party against whom judgment was rendered without legal service not having appealed, or not being party to a writ of error.

Under Rule No. 240, Rules of Civil Procedure, the only judgment that could have been properly rendered against plaintiff in error, absent legal service on one of his co-defendants, unless there was a dismissal as to such co-defendant, was an interlocutory judgment. The rendition of final judgment against him was erroneous. The rule exempted him from final judgment by reason of his default until the case was properly disposed of as to his co-defendant who had not been legally served. A judgment depriving him of this privilege is erroneous and must be reversed. Boles v. Linthicum, 48 Tex. 220.

Defendant in error's counter point is, in effect, that the pleading and proof, as a matter of law, established a partnership between the defendants Kenneth Slack, J. H. Sindorf and H. R. Sindorf in the drilling of an oil well, and that the services and materials specified in the account sued on were furnished to such partnership; further, that service of citation on one partner (two in this instance) will support a default judgment against the partnership property. Conceding, without deciding, the correctness of this proposition, it can avail defendant in error nothing. The judgment was not sought nor rendered against the partnership, but against the defendants individually.

The judgment is reversed and the cause remanded.

This opinion directed to be written and is adopted by the Court.

WALTHALL, J., not participating.