**ANA–LOG, INC., Appellant,**

v.

**CITY OF TYLER, Texas, et al., Appellees.**

**No. 807.**

Court of Civil Appeals of Texas, Tyler.

March 13, 1975.

Rehearing Denied April 3, 1975.

Glass & Glass, John D. Glass, Jr., Tyler, for appellant.

Jack Skeen, Jr., City Atty., City of Tyler, Alex Beall, Tyler, for appellees.

MOORE, Justice.

The City of Tyler, appellee, instituted this suit against the appellant, Ana-Log Incorporated, to recover delinquent personal property taxes for the years 1969, 70, 71 and 72. Citation was served on Charlie W. Jordan, President of Ana-Log, on August 8, 1973, and thereafter the impleaded parties, The State of Texas, County of Smith, and The Tyler Independent School District, also filed claims against Ana-Log for delinquent personal property taxes. Trial was held on February 28, 1974, before the Court sitting without the aid of a jury. Appellant failed to file a written answer and made no appearance at the trial. The trial court, after hearing evidence, entered judgment on March 12, 1974, against appellant for taxes, penalties, interest and cost as prayed for in the petition of the above mentioned taxing units totaling $3,198.98.

On March 21st appellant filed an answer and a motion for new trial. As grounds for a new trial appellant alleged (1) that the citation was fatally defective; (2) that appellant had no notice of the date of the trial and had a valid and meritorious defense; and (3) that the assessment of any levy of the taxes by each taxing unit was unconstitutional because of the lack of uniformity in the enforcement of taxes on personal property. The trial court conducted a full hearing on the motion. After the hearing the trial court overruled appellant's motion for new trial and this appeal resulted.

Appellant urges by its first point that the trial court erred in refusing to grant it a new trial because the evidence shows that Ana-Log's failure to answer or make an appearance in the case was not the result of intentional indifference and that the evidence shows it had a meritorious defense.

■ A motion for a new trial is addressed to the sound discretion of the trial judge and will be granted only upon a showing of good cause. Glasscock v. Bryant, 185 S.W.2d 595 (Tex.Civ.App., El Paso, 1945, ref'd., w. m.); Texas Employers' Insurance Association v. Waldon, 392 S.W.2d 509 (Tex.Civ.App., Tyler, 1965, n. r. e.).

■ In determining whether the trial court abused its discretion in refusing to grant a new trial in cases of default judgments or judgments nihil dicit, we must be guided by the rule laid down in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124 (1939) and more recently restated in the case of Ivy v. Carrell, 407 S.W.2d 212 (Tex.1966), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

■ Upon applying the foregoing rules of law to the evidence offered by appellant upon the hearing for new trial, we have concluded no abuse of discretion was shown. The record reveals that Mr. Jordan, upon whom citation was served, had a conversation with regard to the suit with the Assistant City Attorney of Tyler on November 7, 1973, approximately 2 months after citation was issued and served. The attorney advised Mr. Jordan that he was in default and that if he (Mr. Jordan) did not file an answer the City would seek a default judgment. A letter advising Mr. Jordan that a default judgment hearing would

be held on November 20, 1973, was mailed to him by the Assistant City Attorney. Jordan admitted that he had the conversation and that he received the letter on November 12th. Mr. Jordan admitted that he never attempted to retain an attorney and sought no legal advice concerning the suit. When appellees' motion for default judgment came on for hearing on November 20th, neither Jordan nor any other agent of Ana-Log appealed. However, the motion for default judgment was denied by the court and the case was set for trial on February 25, 1974. Mr. Jordan admitted that he read in the local newspaper that the case had been set for trial on February 25th but that he still took no steps to obtain legal counsel or advice. He testified that after becoming aware of the February 25th setting, he called the City Attorney to inquire whether he would be notified of the trial date. The City Attorney informed Jordan that notice would be a matter for the court. The case was called on February 25th and set for trial on February 28th. The case received wide publicity, apparently because Mr. Jordan was serving as a member of the City Council. Jordan admitted that he knew of the February 28th trial date from reading a newspaper. He testified that as he construed the telephone conversation with the City Attorney, he thought he was to be notified by the court of the date of trial. He testified that his failure to appear at the trial was the result of a mistake of fact because he was laboring under the impression that he would receive actual notice from the court. It was not until after the entry of judgment on March 12th, 1974, that Mr. Jordan employed an attorney to file an answer and seek a new trial.

We think the conduct of Mr. Jordan, appellant's president, was such as to show not only a lack of diligence but also an attitude of total indifference to the judicial process. He frankly admits that he was served with process on August 8, 1973, and was advised that if he failed to file an answer a default judgment would be entered against his company. He admitted that he had actual knowledge of the various dates on which the case was called for trial and had actual knowledge of the date of trial but still did nothing. His contention that he was laboring under a mistake of fact is untenable. His only excuse for failing to appear in behalf of Ana-Log was that he assumed, as a result of his conversation with the City Attorney, that he would be personally notified of the trial date. He makes no contention that he was misled either by the City Attorney or by the court. His assumption that he would be notified was not, in our opinion, warranted by the facts. The undisputed facts, we think, compel the conclusion that his failure to answer or attend the trial was either deliberate or due to his own fault or negligence. When viewed in a light most favorable to the judgment, the evidence amply supports the trial court's implied finding that appellant failed to establish good cause for his failure to answer or attend the trial. In these circumstances such finding will not be disturbed on appeal. Strode v. Silverman, 217 S.W.2d 454 (Tex.Civ.App., 1949, n. w. h.).

■ Furthermore, we are of the opinion that appellant failed to discharge its burden of showing a meritorious defense. The record reveals that a part of the personal property sought to be taxed by appellees consisted of several large trucks owned by Ana-Log which are used throughout several states in the mud logging of oil wells. While it is without dispute that Ana-Log was domiciled in Smith County at all times pertinent to this suit, the evidence shows that the trucks are periodically out of the county for as much as six to eight months at a time before returning. Appellant takes the position that since the trucks were not in Smith County at all times, appellees were not authorized to assess and levy taxes against the property. The contention is wholly without merit.

Article 7153, Vernon's Ann.Civil Statutes, provides that:

" * * * and all personal property, subject to taxation and temporarily removed from the State or county, shall be listed and assessed in the county of the residence of the owner thereof, or in the county where the principal office of such owner is situated. * * * "

■ Appellant does not contend that this equipment acquired a taxable situs outside of Smith County. Consequently under the *mobilia* rule the tax situs of the property was at the domicile of its owner, Ana-Log, in Smith County, Texas. Greyhound Lines, Inc. v. Board of Equalization, 419 S.W.2d 345, 350 (Tex.Sup.1967), citing cases.

■ Appellant contends by its second and third points that the trial court was without jurisdiction to enter the judgment against it because the citation served on Ana-Log was defective and void. We cannot agree with this proposition.

Rule 121, Texas Rules of Civil Procedure, provides that "An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."

By filing an answer and a motion for new trial appellant entered its appearance. In both its motion for new trial and its answer appellant appeared not only for the purpose of questioning the jurisdiction of the court over it but also for the purpose of questioning the validity of the judgment on its merits. Under such pleadings appellant invoked the jurisdiction of the court on all of the issues raised in the pleadings filed by the appellees. Appellant placed itself before the court for all purposes of the suit and should not now be heard to complain of the proceedings subsequently had in the cause on the ground that the citation was fatally defective. Williams v. Bowie County, 58 Tex.Civ.App. 116, 123 S.W. 199 (1909, ref'd.); Southwest Nat.

Bank v. Cates, 262 S.W. 569 (Tex.Civ.App., Waco, 1924, n. w. h.); Western Guaranty Loan Co. v. Dean, 309 S.W.2d 857 (Tex.Civ. App., Dallas, 1957, writ ref'd., n. r. e.); 2 McDonald, Texas Civil Practice, Sec. 9.-04–C.

■ By the fourth point appellant attacks the judgments rendered in favor of appellees, Tyler Independent School District, Smith County and the State, on the ground that the citation served on it under Rule 117a amounted to no citation and for that reason the judgments in favor of these appellees were void. In connection with this point, appellant contends that in view of the fact that the judgment did not order a foreclosure of the tax lien, the intervenors' claims amounted to nothing more than a claim for personal judgment as distinguished from a claim in rem. Therefore, appellant argues that the court was powerless to render a judgment for these appellees because of Rule 124, T.R. C.P., which provides that no personal judgment can be rendered against a defendant without an appearance by the defendant or citation on each specific money claim made against the defendant. We do not agree. The pleadings show that the appellees' claims were for delinquent taxes and for a foreclosure of a tax lien. Rule 124 provides that the rule shall be effective, " * * * except where otherwise expressly provided by law or these rules." Rule 117a governs the issuance and service of citation in delinquent tax cases. Rule 2, T.R.C.P. The rule contemplates the issuance of only one citation by a taxing unit and requires the defendant to take notice of all other taxing units who may intervene. Rule 117a provides that after citation has been given on behalf of the plaintiff or intervenor taxing units, the court shall have jurisdiction to hear and determine the tax claims of all taxing units. The rule makes no distinction between suits for personal judgment and suits for an in rem judgment. Therefore it was not necessary for these three appellees to cause the

**824**

issuance and service of individual citations on the appellant.

 In its fifth point of error appellant contends that the personal property tax forming the basis of appellees' claims is unconstitutional, because the taxes are not assessed or collected equally against all persons owning personal property. Appellant brings forward certain testimony by way of bills of exception showing that some of the personal property taxes assessed by appellees are never collected. Therefore it is contended that this results in inequality of taxation in violation of Article 8, Sec. 1, and Article I, Sec. 19 of the Texas Constitution, Vernon's Ann.St.

The constitutional provisions for equality and uniformity has no applicability to the collection of taxes. Edinburgh Improvement Ass'n v. City of Edinburgh, 191 S. W.2d 752 (Tex.Civ.App., San Antonio, 1945, no writ). In that case the court stated: "The rule seems to be well established that if the original assessment rolls are legal in every respect and property has been equally and uniformly assessed, then such rolls will not be rendered illegal and void by the methods used in collecting taxes thereon." Appellant's point five is overruled.

 Finally appellant complains of the action of the trial court in granting appellees' motion to quash certain written interrogatories directed to appellees under the provisions of Rule 168, T.R.C.P. We overrule the point.

The interrogatories were filed in connection with appellant's motion for new trial. Appellees moved to quash on the grounds that Rule 168 authorizes interrogatories for discovery purposes only on pre-trial proceedings. Rule 168 makes no provision for propounding written interrogatories on motion for new trial. The discovery rules, including Rule 168, are applicable only to pre-trial proceedings. American Central Insurance Company v. Texhoma Stores, Inc., 401 S.W.2d 593 (Tex.Sup.1966);

Hankins v. Haffa, 469 S.W.2d 733 (Tex. Civ.App., Amarillo, 1971, n. r. e.). Consequently no error is reflected by the action of the court in quashing the interrogatories.

The judgment is affirmed.