H. L. McRAE COMPANY, Petitioner,

v.

HOOKER CONSTRUCTION COMPANY, Respondent.

No. 12852.

Court of Civil Appeals of Texas, Austin.

March 14, 1979.

Billy D. Hullum, Barron & Hullum, Wills Point, for petitioner.

Stephen R. Fontaine, Sleeper, Williams, Johnston, Helm & Estes, Waco, for respondent.

O'QUINN, Justice.

H. L. McRae Company is petitioner on appeal upon application for writ of error from a default judgment of the county court at law of Bell County.

As the principal contractor on construction of the Killeen Junior High School, Hooker Construction Company sued McRae Company, a subcontractor, for breach of contract to furnish and install resilient floor covering with base and carpeting for the project.

Hooker Construction sought to obtain service on McRae by serving the company's attorney. McRae Company undertook to answer and file a counterclaim, but on the same day the pleadings were filed in the clerk's office the trial court entered a default judgment against McRae for $1,832.15.

McRae attempted to appeal from that judgment, but because appellant's cost bond was filed more than thirty days after motion for new trial was overruled, this Court dismissed the appeal for want of jurisdiction. (564 S.W.2d 142) Thereafter application for writ of error was timely filed, and the cause was submitted after oral argument.

Under four points of error, McRae Company contends that (1) the trial court was without jurisdiction and incorrectly found that McRae Company had been served prior to entry of default judgment; (2) the court erred in finding that McRae failed to answer and make timely appearance before entry of judgment; (3) the court erred in entering default judgment because counsel for McRae had relied upon representations of counsel for Hooker Construction that time would be allowed for filing an answer; and (4) it was error to sustain notice of

default judgment given by postcard under Rule 239a upon an improperly completed certificate of last known address.

The default judgment entered by the trial court recited that H. L. McRae Company, ". . . although duly served with process, the said Defendant has at all times heretofore failed to appear or answer in its behalf, but wholly made default . . ." The record discloses that McRae Company was not served with process, but that the citation directed to the company was served in fact on its attorney.

■■■ It is settled that ". . . on appeal from a default judgment the record must show an appearance by defendant or due service of citation, independent of recitals in the judgment." *Castleberry v. Castleberry*, 135 Tex. 409, 135 N.W.2d 701, 702 (1940); *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934, 935 (1935). Petition for writ of error in this Court is a direct attack on the default judgment, and the record must show affirmatively that the trial court had jurisdiction of defendant's person. *Whitney v. L & L Realty Corporation*, 500 S.W.2d 94, 95 (Tex.Sup.1973).

■■■ It is the general rule that service on an agent or attorney is not sufficient to effect service on the principal unless the person to be served expressly authorized an agent or attorney to receive process. See 72 C.J.S. *Process* § 31, p. 1034 (1951); 7 C.J.S. *Attorney and Client* § 83(a), p. 905 (1937). Service of citation on a defendant's attorney, absent defendant's explicit authorization, will not constitute service to give the trial court personal jurisdiction of defendant. *Sindorf v. Cen-Tex Supply Co.*, 172 S.W.2d 775, 776 (Tex.Civ.App. El Paso 1943, no writ); *Neal v. Roberts*, 445 S.W.2d 58, 60 (Tex.Civ.App. Houston (1st) 1969, no writ).

Although H. L. McRae, in his verified motion to set aside the default judgment stated that his ". . . attorney accepted service on October 15, 1977," we do not find in this statement, nor in any portion of the motion, admission of prior authority in the attorney to accept service for McRae Company. In a subsequent verified motion for rehearing, McRae denied authority in the attorney to accept service, and invoked Rules 106, 119, and 124, Texas Rules of Civil Procedure, in contending that service was inadequate.

■■■ We hold that service of process on McRae Company's attorney, there being no authority from the Company to constitute the attorney its agent for service, was defective and did not give the trial court personal jurisdiction over the defendant to render the default judgment.

Hooker Construction concedes that the citation directed to McRae was served on the Company's attorney and not on McRae, but contends that any defect in service was waived in appearances McRae made in the trial court without contesting jurisdiction. The record shows that service on the attorney was effected October 15, 1977, but the return was not filed with the clerk of the trial court until November 14, 1977. Rule 107, prior to its amendment effective January 1, 1978, provided: "No default judgment shall be granted in any cause until the citation, with the officer's return thereon, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment." It is undisputed that the trial court heard testimony on November 22, the eighth day following filing of the return, on the basis of which hearing the court entered default judgment November 28.

■■■ McRae filed his motion to set aside the default judgment, with supporting affidavit of the attorney, on December 7, 1977. The principal basis suggested in the motion, for setting the judgment aside, was the fact that McRae had attempted to file an answer and counterclaim, mailed to the clerk on November 21, which had been delayed beyond the ten-day period prescribed by Rule 107 because the clerk's office was closed on Thanksgiving Day and on Friday, Saturday, and Sunday following, resulting in delay of actual filing until Monday, November 28, the day default judgment finally was signed and entered.

This appearance, made for a purpose inconsistent with lack of jurisdiction by the court over the defendant, amounted to a confession of jurisdiction, after which defendant could not deny the court's jurisdiction over the person. *St. Louis & S. F. R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918). In *Hale* the Supreme Court stated the rule in this language: "It seems to be almost uniformly held that a general appearance is entered whenever the defendant invokes the judgment of the court *in any way on any question other than that of the court's jurisdiction*, without being compelled to do so by previous rulings of the court sustaining the jurisdiction." (Emphasis added)

In *Hale* the defendant had filed a motion to require the plaintiff to give security for costs, which the Supreme Court said, ". . . obviously implied that the defendant had an interest in the adjudication to be made with respect to such costs." (206 S.W. 75, col. 1) In the present case McRae moved to set aside the default judgment, not on the basis of a challenge of the court's jurisdiction, but on the merits of the case which defendant had sought, in a delayed filing, to answer and make counterclaim.

The question remains, of course: Was this general appearance for subsequent proceedings only, or was the appearance retroactively effective to include action of the court in entering default judgment? We are of the view that McRae's appearance placed him under jurisdiction of the court with respect only to subsequent proceedings.

Hooker Construction argues that McRae's appearances, both in filing an answer and counterclaim which were not before the court at the time of hearing evidence and later entering judgment, and in filing motion to set aside the judgment, were retrospectively effective to waive defect in service of citation. In this position Hooker relies upon *Hale* and *Ana-Log, Inc. v. City of Tyler*, 520 S.W.2d 819 (Tex.Civ.App. Tyler 1975, no writ).

We do not find that either case supports the contention Hooker makes. The Supreme Court in *Hale* spoke of a general appearance as denying defendant the right "thereafter" to assail the court's jurisdiction. In *Ana-Log* the court of civil appeals said plainly, "Appellant placed itself before the court for all purposes of the suit and should not now be heard to complain of the *proceedings subsequently had in the cause* on the ground that the citation was fatally defective." (520 S.W.2d 823, col. 1).

■ We do not find in *Hale*, *Ana-Log*, or in any of the cases cited by the court in *Ana-Log*, authority to hold that appearance by a defendant, after a default judgment, gives the trial court personal jurisdiction necessary to validate that judgment, when such jurisdiction, at the time of judgment, was entirely lacking. We consider the better rule to be that the general appearance of defendant, by which the party waives defects in service, must precede any action of the court which such appearance validates.

The Supreme Court more than 80 years ago stated: "the general rule is well established that a judgment rendered by a court even of general jurisdiction is void if it had, *at the time of rendition of the judgment, no jurisdiction of the person of the defendant* or the subject-matter of the litigation. This principle is self-evident, because *until the court acquires jurisdiction it has no power to proceed to investigate and determine* private rights." (Emphasis added) *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 328 (1895). This principle of jurisdiction was expressed by a court of civil appeals in the statement that ". . . validity of judgment depends on *jurisdiction of court before rendition, not upon what may occur subsequently*." (Emphasis added) *Hicks v. Sias*, 102 S.W.2d 460, 464 (Tex.Civ.App. Beaumont 1937, writ ref'd).

In even more comprehensive language, another court stated: "Under the laws and court rules of this state, a defendant is not required to answer and *no judgment may be taken against him before* issuance, *service* and return of citation for the time and

in the manner provided, *or until he has entered actual or constructive appearance. Rules 101, 106, 107 and 119 to 124 inclusive."* (Emphasis added) *Gulf Refining Co. v. Needham,* 233 S.W.2d 919, 923 (Tex. Civ.App. Eastland 1950, no writ). McDonald divides the period before the voluntary action of a party from the period following such appearance in this language: "An appeal or writ of error from a judgment by default constitutes an appearance *from the time it is perfected,* though it *does not waive defects in the process or its service* which may *render the judgment voidable."* (Emphasis added) 2 McDonald, *Texas Civil Practice* 370 (1970).

■ In view of the disposition we make of this appeal, which will be to set aside the default judgment and remand the cause for new trial, it is pointed out that under Rule 123 and an earlier holding of this Court prosecution of the writ of error by McRae, in which the Company invoked the jurisdiction of this Court to reverse the judgment against it, constituted a personal appearance as a litigant, and it will not be necessary to issue and serve further process. *American Soda Fountain Co. v. Hairston Drug Co.,* 52 S.W.2d 764, 767 (Tex.Civ.App. Austin 1932, no writ); Rule 123, Texas Rules of Civil Procedure. Having determined disposition of the appeal under petitioner's first point of error, we do not reach the remaining points.

The judgment of the trial court is reversed, and the cause is remanded for new trial.

Reversed and Remanded.