**CITY OF MESQUITE, Appellant,**

v.

**Elwyn and Laura BELLINGAR, Appellees.**

**No. 05–85–00246–CV.**

Court of Appeals of Texas, Dallas.

Dec. 9, 1985.

---

Thomas L. Kelly, Jr., Patterson, Lamberty, Kelly & Stanford, Dallas, for appellant.

Sonja Staron, Dallas, for appellees.

Before SPARLING, MALONEY and DEVANY, JJ.

SPARLING, Justice.

The City of Mesquite appeals by writ of error a default judgment in favor of Elwyn and Laura Bellingar. In two points of error the City contends that the court below did not obtain personal jurisdiction over it since citation was not properly served upon any person designated by statute as agent for service. We agree and, accordingly, reverse and remand for trial.

The Bellingars alleged that a City employee drove a garbage dumpster into the wall of a storage building, damaging the Bellingars' belongings which were stored there. The Bellingars sued the City under the Texas Tort Claims Act, TEX.REV.CIV. STAT.ANN. art. 6252–19 (Vernon 1970).[1] The trial court rendered a default judgment

---

1. Unless otherwise stated, all references are to the Texas Revised Civil Statutes Annotated.

against the City for $19,875 plus interest and costs.

▮▮▮ The City attacks the default judgment on the ground that the trial court lacked personal jurisdiction over it because no proper agent for the City was served. The judgment recites that "citation was served according to law" and that the court had "jurisdiction over the parties." In a direct attack on a default judgment, however, the jurisdiction must affirmatively appear on the face of the record in order for the judgment to withstand an attack on the merits. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965). The record must show due service independent of recitals in the judgment. *H.L. McRae Co. v. Hooker Construction Co.*, 579 S.W.2d 62, 64 (Tex. Civ.App.—Austin 1979, no writ).

▮▮▮ Section 8 of the Texas Tort Claims Act provides that, in suits against units of government other than the State, citation shall be served in the manner prescribed by law for other civil cases. TEX.REV.CIV. STAT.ANN. art. 6252–19 (Vernon 1970). The City is incorporated. Article 2028, section 1 prescribes the manner of service on an incorporated city, town, or village. The citation for service of process was directed to Elland Archer, Mesquite City Attorney. The return reflects that Archer was in fact served. The City contends that Archer was not an authorized agent for service under article 2028, section 1 because he was not the mayor, clerk, secretary, or treasurer of the City. We agree with the City.

The Bellingars argue that article 2028, section 1 only provides that the mayor, clerk, secretary, or treasurer of a city *may* be served but does not forbid service on any other person. The Bellingars compare article 2028, section 1 to article 2027 which provides that, in suits against a county, the citation *shall* be served on the county judge. They contend that the word "may"

in article 2028, section 1 is permissive rather than exclusive.

There is very little case law construing article 2028. However, we have reviewed other statutes regarding service of process which use the word "may." Courts construing those statutes have held that the agents listed therein are the only ones authorized to be served with process. *See, e.g., Ponca Wholesale Mercantile Co. v. Alley*, 378 S.W.2d 129, 132–33 (Tex.Civ. App.—Amarillo 1964, writ ref'd n.r.e.) (service of process on a corporation must be in strict complaince with article 2.11 of the Texas Business Corporation Act which provides that designated individuals shall be the agents upon whom process *may* be served); *Texaco, Inc. v. McEwen*, 356 S.W.2d 809, 813 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.) (service of process on a foreign corporation authorized to do business in Texas must be in strict compliance with article 8.10 of the Texas Business Corporation Act which provides that designated individuals shall be the agents of the corporation upon whom process *may* be served). In accordance with these cases, we likewise conclude that despite the use of the word "may," article 2028, section 1 is a mandatory provision which designates the only persons who may be served with process directed at an incorporated city, town, or village.[2]

▮▮▮ The Bellingars also argue that their attorney contacted Archer's office to see whether process would be accepted and that a person at that office checked with Archer and stated that Archer would accept process. However, the record contains no evidence to support this contention. Moreover, service of process on a defendant's attorney, absent explicit authorization of the defendant, will not constitute service to give the trial court jurisdiction over the defendant. *H.L. McRae Co.*, 579 S.W.2d at 64.

**2.** We note that in *City of San Antonio v. Garcia,* 243 S.W.3d 252, 253 n. 1 (Tex.Civ.App.—San Antonio 1951, writ ref'd), in deciding whether to reverse a default judgment based upon mistake or accident, the court stated that it was not inferring that service of process on the mayor *pro tempore* constituted compliance with article 2028.

Accordingly, because the trial court did not have jurisdiction to enter the default judgment, we reverse. Since the City has entered an appearance by way of its direct attack on the judgment in this court, we remand the proceedings to the trial court for a new trial. *McKanna*, 388 S.W.2d at 930. Costs are taxed against the Bellingars.