**HB & WM, INC., d/b/a Lone Star Volkswagen, et al., Appellants,**

v.

**Patricia J. SMITH, Appellee.**

**No. 04-90-00135-CV.**

Court of Appeals of Texas,
San Antonio.

Oct. 17, 1990.

R. Wayne Pritchard, Ginnings, Birkelbach, Keith & Delgado, El Paso, for appellants.

Jay R. Miller, Miller & Coy, San Antonio, for appellee.

Before BUTTS, CARR and BISSETT, JJ.

OPINION

BISSETT, Justice.[1]

This is an appeal by the defendants HB & WM, Inc., d/b/a Lone Star Volkswagen,

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

and Gene Horn from a default judgment. We reverse and remand.

Patricia J. Smith filed suit against HB & WM, Inc. d/b/a Lone Star Volkswagen, Gene Horn and John Witt on April 24, 1989, to recover damages based on alleged violations of the Deceptive Trade Practices—Consumer Protection Act ("DTPA"). Default judgment was rendered against all defendants on August 28, 1989, wherein it was decreed that plaintiff recover $23,716.00 as "statutory damages," prejudgment interest in the amount of $5,493.00, attorney's fees in the amount of $8,500.00 for a total amount of $37,709.00, less credits of $500.00 in the event there is no motion for new trial, $3,000.00 if there is no appeal to the Court of Appeals, and $3,000.00 if there is no appeal to the Supreme Court of Texas.

The defendants HB & WM, Inc., d/b/a Lone Star Volkswagen, and Gene Horn have timely perfected an appeal by writ of error. Defendant John Witt has not appealed.

Plaintiff purchased a 1983 Oldsmobile automobile from Lone Star Volkswagen on April 25, 1987 for $6,995.00. In connection with the purchase of the automobile, Lone Star Volkswagen, as seller, provided plaintiff an odometer milage statement which indicated that to the best of the seller's knowledge the odometer reading of 18,873 miles reflected the actual milage that the automobile in question had been driven at the time of sale. Plaintiff testified that the number typed onto the odometer statement was 87,300 miles, but there was a handwritten number of 18,873 miles over the typed number of miles. She further testified that she was "told that the automobile had less than 19,000 miles on the odometer and its chassis," and that "the automobile was in mint condition and that the air conditioning compressor had been replaced." Thereafter, plaintiff had trouble with the automobile. She consulted with several mechanics who told her the milage on the automobile "was four or five times that represented to her by the seller." Plaintiff paid a total of $1,684.00 for repairs to the automobile; she had driven the vehicle ap-proximately 19,000 miles at the time of trial and agreed that appellants were entitled to an offset of $2,500.00 against the purchase price, leaving a balance of $4,495.00.

The trial court made certain findings in its judgment. The findings are summarized, as follows:

1. plaintiff's cause of action is based upon a violation of the Texas Deceptive Trade Practices Act, in that the defendants "intentionally and knowingly sold plaintiff an automobile that had more miles than reflected on the odometer";

2. plaintiff is "entitled to recover the sum of $4,495.00, after credit for her use of the vehicle, and the further sum of $1,684.00 for repairs to the vehicle which expenses were a direct result of defendant's conduct";

3. plaintiff is "entitled to statutory multiple damages under the DTPA"; and

4. plaintiff is entitled to recover prejudgment interest at the rate of 10% per annum "from April 25, 1987 to date of judgment in the amount of $5,493.37 (857 days × $6.41 per diem)."

Judgment was rendered pursuant to the above findings, together with the award of post-judgment interest, court costs and the aforesaid attorney's fees.

Appellants present sixteen points of error. It is not necessary that we consider all of them. It is contended in the first point that the trial court's judgment is void in that the trial court did not obtain personal jurisdiction over Gene Horn. It is asserted in the second point that the trial court's judgment as to Gene Horn is void in that there is no showing in the record that Bexar Professional Civil Process Service, Inc. was authorized to effectuate service of process as required by Rule 103 of the Texas Rules of Civil Procedure. It is claimed in the third point that the trial court's judgment is void for lack of personal jurisdiction over HB & WM, Inc., in that the sheriff's return does not reflect that it was on file for the ten (10) days required by Rule 107 of the Texas Rules of Civil Procedure.

TEX.R.CIV.P. 103 (Vernon Supp.1990) provides in relevant part:

> Citation and other notices may be served anywhere ... (2) by any person authorized by law or by written order of the court who is not less than eighteen years of age....

TEX.R.CIV.P. 106(a) (Vernon Supp.1990) provides:)

> (a) Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by
>
> > (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
> >
> > (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

The record in this case shows: 1) citation to Gene Horn was issued by the District Court of Bexar County on June 9, 1987; 2) the return of the citation was made by "Bexar Professional Civil Process Service, Inc., Route 30, Box 491, San Antonio, TX," and shows on its face that it "came to hand on the 9 day of June A.D. 1989 at 3 o'clock P.M. and executed on the 9 day of June, 1989 by delivering to Gene Horn in person a true copy of this citation upon which I endorsed the date of deliver (sic), together with the accompanying copy of the original petition ..." The return was signed by a "non-peace officer," whose name is illegible, on behalf of Bexar Professional Civil Process Service, Inc.; and 3) the docket sheet reflects that such citation was mailed on June 9, 1989. The record also contains an affidavit, signed by Gene Horn, wherein he swore: 1) "I was not served with the citation nor the petition" in this case; 2) "on 9 June 1989, I was physically present in El Paso, Texas, the entire day on business and family matters"; 3) "I have never received written notice of the default judgment"; and 4) "I received actual notice of the default judgment herein on 18 December 1989."

It is impossible as a matter of law for the District Clerk to have mailed the citation direct to Gene Horn on June 9, 1989, and for service to allegedly have been executed that same day by a private process server. There is nothing in the record which indicates that the District Clerk of Bexar County mailed to Gene Horn by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto. There is nothing in the record which reveals that either Bexar Professional Civil Process Service, Inc., or the person who signed the return of the citation, was authorized by law or by written order of the trial court to serve the same upon Gene Horn. The purported return was filed on June 12, 1989.

■ There are no presumptions of proper service when a default judgment is attacked by writ of error. *See McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). The Texas Rules of Civil Procedure relating to the issuance, service and return of citation are generally regarded as mandatory, and failure to show affirmatively a strict compliance with the rules will render the attempted service of process invalid and of no effect. *Cates v. Pon*, 663 S.W.2d 99, 102 (Tex.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.); *Mega v. Anglo Iron & Metal Co. of Harlingen*, 601 S.W.2d 501, 503 (Tex.App.—Corpus Christi 1980, no writ); *Harrison v. Dallas Court Reporting College, Inc.*, 589 S.W.2d 813, 816 (Tex. Civ.App.—Dallas 1979, no writ).

Although there is usually a presumption in favor of valid issuance, service and return of citation, there is no such presumption when a default judgment is directly attacked. *McKanna*, 388 S.W.2d at 929.

TEX.R.CIV.P. 107 (Vernon Supp.1990) provides in pertinent part:

> The return of the officer or authorized person executing the citation shall be endorsed on or attached to the same; it shall state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person....

\*  \*  \*  \*  \*  \*

No default judgment shall be granted in any cause until the citation with proof of service as provided by this rule, or as ordered by the court in the event citation is executed under Rule 106, shall have been on file with the clerk of the court ten days, exclusive of the day of filing and the day of judgment.

Unless the return affirmatively reveals that it has been in the district clerk's office for the required ten (10) days, the default judgment rendered is void. *Melendez v. John R. Schatzman, Inc.*, 685 S.W.2d 137, 138 (Tex.App.—El Paso 1985, no writ).

In the case at bar, there is no indication on the sheriff's return relating to HB & WM, Inc., d/b/a Lone Star Volkswagen, as to when such return was filed with the Bexar County District Clerk. It is conclusively shown by the record that neither defendants Gene Horn nor HB & WM, d/b/a Lone Star Volkswagen filed an answer, made an appearance or waived service of process prior to the date that default judgment was rendered against them. The record does not affirmatively reflect strict compliance with Rules 103, 106(a) and 107. Consequently, the default judgment is void as to the appealing defendants. Moreover, where there are co-defendants, and the trial court did not have personal jurisdiction over one defendant, the final judgment as to all defendants must be reversed. *See Reed v. Gum Keepsake Diamond Center*, 657 S.W.2d 524, 525 (Tex. App.—Corpus Christi 1983, no writ); *Neal v. Roberts*, 445 S.W.2d 58, 60 (Tex.Civ.App. —Houston [1st Dist.] 1969, no writ); *Sindorf v. Cen-Tex Supply Co.*, 172 S.W.2d 775, 776 (Tex.Civ.App.—El Paso 1943, no writ). Here, the record does not show valid service on either HB & WM, Inc., d/b/a Lone Star Volkswagen, or Gene Horn.

The first, second and third points of error are sustained. Having sustained those points, it is not necessary that we address the remaining points of error.

The defendants (appellants) HB & WM, Inc., d/b/a Lone Star Volkswagen, and Gene Horn, by virtue of their prosecution of this appeal by way of writ of error,

have made a personal appearance in this case. Therefore, it will not be necessary to issue and serve either with further citation. TEX.R.CIV.P. 123 (Vernon 1979); *Travieso v. Travieso*, 649 S.W.2d 818, 821–22 (Tex. App.—San Antonio 1983, no writ); *H.L. McRae Co. v. Hooker Construction Co.*, 579 S.W.2d 62, 66 (Tex.Civ.App.—Austin 1979, no writ); *Neal v. Roberts*, 445 S.W.2d at 60.

The judgment of the trial court insofar as it affects the defendants HB & WM, Inc., d/b/a Lone Star Volkswagen, and Gene Horn, appellants herein, is REVERSED and the cause is REMANDED to the trial court for further proceedings.