

# MEMORANDUM OPINION

No. 04-07-00848-CV

C. Carlos **GARZA** Jr. and The Carlos Garza Mineral Limited Partnership,
Appellants

v.

Phil **WATKINS**, P.C.,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 328876
Honorable Timothy Johnson, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
                Rebecca Simmons, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   March 4, 2009

AFFIRMED IN PART, REVERSED AND REMANDED IN PART

        This is an appeal from a no-answer default judgment rendered against appellants C. Carlos

Garza Jr. and The Carlos Garza Mineral Limited Partnership. Appellants bring four issues, claiming

the trial court erred in granting the default judgment based on defective service of process. We

affirm in part and reverse and remand in part.

Appellee Phil Watkins, P.C. concedes we should reverse and remand the default judgment against The Carlos Garza Mineral Limited Partnership because the return of service is defective. In accord with that concession, we reverse the default judgment against The Carlos Garza Mineral Limited Partnership and remand the matter to the trial court. Because of Watkins's concession, we need not address appellants' third point of error or their other points of error insofar as they relate to The Carlos Garza Mineral Limited Partnership.

## BACKGROUND

Watkins filed suit against Garza. Watkins asked the Bexar County Clerk to prepare citations for service by private process. Watkins hired private process server Rogerio G. Lopez to serve the citations. According to the return of service, Lopez personally delivered the citation and a copy of Watkins's petition to Garza. Garza did not file an answer, and on August 30, 2007, the trial court rendered a default judgment in favor of Watkins. In that judgment, the trial court recited that "citation was served upon Defendant C. Carlos Garza, Jr. on July 31, 2007." Garza filed a motion for new trial complaining about service of process. Despite Garza's failure to secure a hearing on his motion for new trial until more then seventy-five days after the judgment was signed, the trial court held a hearing and allowed the parties to argue their positions. However, at the conclusion of the hearing, the trial court stated the motion for new trial had been overruled by operation of law and there was no reason to disturb the ruling. Garza appealed.

## ANALYSIS

Garza contends the default judgment rendered against him was improper because service of process was defective, arguing the evidence proves (1) he was never served with citation, (2) the process server was not authorized under rule 103 of the rules of civil procedure to serve process, and

(3) the return of service was defective. He contends that if any one of these grounds is meritorious, he is entitled to a new trial because the default judgment is void. *See Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) (holding that when service of process is invalid, any resulting default judgment is void because trial court acquired no personal jurisdiction over defendant); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 858 (Tex. App.–San Antonio 2002, pet. denied) (same); *see also* TEX. R. CIV. P. 124 (stating judgment shall not be rendered against any defendant without service, or acceptance or waiver of process, or upon appearance, as prescribed by law and rules of civil procedure).

### *Standard of Review*

We review a trial court's denial of a motion for new trial after a no-answer default judgment for abuse of discretion. *Mobilevision Imaging Servs., L.L.C. v. Lifecare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 564 (Tex. App.–Dallas 2008, no pet.). A trial court abuses its discretion if it acts arbitrarily and unreasonably or without regard to guiding rules or principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). An abuse of discretion does not occur with regard to factual matters as long as some evidence reasonably supports the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Nor does it occur when the trial court's decision is based on conflicting evidence. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978); *Metra United Escalante, L.P. v. Lynd Co.*, 158 S.W.3d 535, 538 (Tex. App.–San Antonio 2004, no pet.).

### *Lack of Service*

A claim of lack of service is a question of fact that must be resolved by the trier of fact. *Ward v. Nava*, 488 S.W.2d 736, 738 (Tex. 1972). There are no presumptions in favor of valid service of process. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *Benefit Planners,* 81 S.W.3d at 858. The record must affirmatively show strict compliance with the

type of service undertaken for a default judgment to withstand attack. *See Wilson*, 800 S.W.2d at 836 (citing *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985) (per curiam)). An officer's return "has long been considered prima facie evidence of the facts recited therein." *Primate Constr.*, 884 S.W.2d at 152. The return imports absolute verity and its recitations "carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Id.* (citing *Ward*, 488 S.W.2d at 738; *Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206, 209 (1950); *Gatlin v. Dibrell*, 74 Tex. 36 11 S.W. 908, 909 (1889)).

The verified officer's return of service completed by Lopez states he picked up the citation and petition on July 17, 2007, and executed service on:

> . . . the 31st day of July, A.D. 2007, in Willacy County at 6:30 o'clock p.m. by delivering to C. Carlos Garza Jr. in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at 1-Mile North of Hwy 186 on County Rd 45 Raymondville, TX

Despite the verified return, Garza contends he was never served with citation. He argues the record and the documents attached to his motion for new trial establish an absence of service. In support of his contention, Garza points to the following evidence:

> (1) the officer's return, which recites that Garza was served at "1-Mile North of Hwy 186 on County Rd 45 Raymondville, TX," while Garza averred in his affidavit that he lives at "2 Miles North Highway 186 on County Road 45, Raymondville, Texas";
>
> (2) Watkins's letter to the district clerk and the petition, which recite an incorrect address for Garza;
>
> (3) Garza's affidavit testimony: (a) swearing he was never served with process on July 31, 2007; (b) swearing that before the time of service stated by Lopez in the officer's return, he and his wife had left the residence for Wal-Mart and Sam's Club, where they made debit card purchases shown by attached statements, and did not return until late that evening, long after the time of service stated in the return; (c) swearing that he, not his wife, has a Sam's Club membership card and he therefore must have been physically present in order to enter and make purchases; and (d)

"doubt[ing]" Lopez would have been able to approach the front door because of the "fierce" dogs at the residence; and

(4) Garza's wife's affidavit testimony averring Garza was never served with process on July 31, 2007.

In response, Watkins presented an affidavit from Lopez in which he provides detailed information about serving Garza with the citation and petition. Lopez swears he arrived at "1 mile North of Highway 186 on County Road 45" on July 31, 2007, at around 6:25 p.m. and asked for Garza. After a gentleman at the address identified himself as Garza, Lopez identified himself as a civil process server and informed Garza that he had a citation and petition for him. According to Lopez, Garza stated he had just gotten out of jail and refused to take the documents. Garza became abusive telling Lopez to "'get the F— out of here before you get seriously hurt.'" Lopez averred that he asked Garza to "keep calm," but Garza continued yelling. Lopez states he began to fear for his safety, but continued to advise Garza that he was served. Lopez swore he served Garza by placing the citation and petition on the ground two feet in front of Garza. According to Lopez, Garza advised he was going to claim he was never served.

To substantiate Lopez's statement that Garza told Lopez he had just gotten out of jail, Watkins presented evidence showing that in December of 2006 Garza was convicted in federal court of assaulting a federal officer and sentenced to five months imprisonment, which was to be served at a halfway house. According to these documents, Garza would have been released not long before Garza told Lopez he had just gotten out of jail.

The evidence in this case is conflicting, but much of Garza's evidence is self-serving and uncorroborated, except by his wife. Other evidence, including the cell phone records and the debit card statements, do not prove Garza was not at home at the alleged time of service. There are no

time stamps on the debit card statements, and the phone records merely show calls were made from the Garzas' cell phones or house phone before or after the time of service stated in the return. Watkins's evidence contradicts the evidence presented by Garza. Accordingly, we cannot say the trial court abused its discretion in denying Garza's motion for new trial, and we overrule his first issue. *See Davis*, 571 S.W.2d at 862; *Metra United Escalante*, 158 S.W.3d at 538.

### *Unauthorized Process Server*

Rule 103 of the Texas Rules of Civil Procedure governs who may serve citations and other papers issued by a court:

> Process–including citation . . . and other papers issued by the court–may be served anywhere by (1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court.

TEX. R. CIV. P. 103. Garza contends there is nothing in the record to establish Lopez was authorized to serve process in this case, requiring a reversal of the default judgment. *See HB & WM, Inc. v. Smith*, 802 S.W.2d 279, 281-82 (Tex. App.–San Antonio 1990, no writ) (reversing default judgment where record did not show process server was authorized to effectuate service in accordance with rule 103). We disagree.

The record contains an affidavit by Lopez, the person who executed service. In the affidavit, Lopez states he is "employed as a civil process server and [is] authorized to serve civil process in . . . any county in the State of Texas, excluding Harris County." The return of service shows Garza was served in Willacy County, not Harris County, so there is evidence in the record that Lopez was authorized to effectuate service on Garza. Accordingly, we overrule this issue.

### *Return of Citation Defective*

Garza contends the return of service is defective because it does not contain a statement that Lopez (1) was over the age of eighteen, (2) had never been convicted of a felony, (3) had personal knowledge of the facts stated in the affidavit, (4) was the person who actually delivered the citation, and (5) actually appeared in person before the notary public. His argument is that the return of service, verified because Lopez was an authorized person rather than an officer, did not comport with the rules generally governing affidavits.

Return of service is governed by rule 107 of the Texas Rules of Civil Procedure and states what information must be contained therein. TEX. R. CIV. P. 107. According to the rule, the return must state when the citation was served and the manner of service and be signed by the officer officially or by the authorized person. *Id.* If the return is signed by an authorized person, as in this case, it must be verified. *See id.* The officer's return in this case states the date, time, and manner of service, is signed by the person authorized to execute service, and is verified by a notary public. The return therefore comports with the requirements of rule 107. Garza cites no authority holding that a return of service, in addition to complying with the mandates of rule 107, must comply with the formal requirements of an affidavit.

Because the return complies with the applicable rule, Garza's fourth issue is overruled.

### CONCLUSION

We affirm the trial court's default judgment against C. Carlos Garza Jr. Given Watkins's concession, we reverse the trial court's default judgment against The Carlos Garza Mineral Limited Partnership.

Steven C. Hilbig, Justice