**ALLIED RENT–ALL, INC., Appellant,**

v.

**INTERNATIONAL RENTAL INSURANCE, Appellee.**

No. C14–87–954–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1988.

William A. Peterson, Jr., Houston, for appellant.

Cynthia S. Bennett, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This appeal arises from a suit to recover insurance premiums. Appellant failed to answer the Appellee's original petition and a default judgment was entered against it for the amount due, $15,901.00, plus interest, costs and attorney's fees. Appellant filed a timely motion for new trial which the trial court granted, conditioned upon Appellant's payment to Appellee of $2500.00 in attorney's fees. Appellant failed to pay the attorney's fees and the trial court subsequently overruled Appellant's Motion for New Trial. We affirm.

Appellant asserts four points of error on appeal attacking the amount of attorney's fees ordered by the court as a condition of granting a new trial. In its first point of error, Appellant contends the trial court abused its discretion in imposing this condition. In point of error two, Appellant argues the amount of the attorney's fees is excessive. In points three and four, Appellant maintains there is insufficient evidence to support the amount of attorney's fees or that such an award is against the preponderance of the evidence.

The record reflects that Appellee filed suit to recover premiums for several policies of insurance issued to Appellant by Appellee. Appellant was served with citation on June 30, 1987. Appellant failed to answer and a default judgment for the full amount claimed, plus interest, costs and attorney's fees was entered by the trial court on August 17, 1987. Thereafter, Appellant filed a motion entitled "Motion to Vacate Default Judgment or in the Alternative for a New Trial" alleging that the reason Appellant failed to answer was that the citation was either inadvertently not forwarded to Appellant's attorney or was lost in the mail. The motion further stated that Appellant "is willing to reimburse the [Appellee] for its reasonable expenses in obtaining the judgment, in an amount to be determined by the Court."

The trial court held a hearing on Appellant's motion on October 8, 1987. At the hearing, Appellee's attorney, Cynthia Bennett, testified regarding the amount of reasonable attorney's fees. She testified concerning her experience, the nature of the work done in the case, the amount of time required in obtaining the judgment and in preparing to oppose the Motion to Vacate, and stated that, based upon her knowledge of the fees charged in Harris County, $2500.00 was a reasonable fee. Appellant cross-examined Ms. Bennett but presented no expert testimony or other evidence to rebutt Appellee's testimony regarding the reasonableness and amount of attorney's fees. Appellant did not object to the amount of attorney's fees ordered or request a rehearing. Appellant also failed to pay the attorney's fees as ordered by the

Court, and on November 30, 1987, the court overruled Appellant's motion.

The trial court has discretion to grant a new trial upon such terms as it may direct and, absent manifest abuse of discretion, its determination will not be disturbed on appeal. TEX.R.CIV.P. 320; *Grissom v. Watson,* 704 S.W.2d 325, 326 (Tex. 1986); *Equitable General Ins. Co. of Texas v. Yates,* 684 S.W.2d 669, 670 (Tex.1984); *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d 958, 959 (Tex.1976). A conditional grant of a motion for new trial based upon a party's payment of costs is well within the trial court's discretion. *Equitable General Ins. Co. of Texas v. Yates,* 684 S.W.2d at 671. Conditional grants of new trial in default judgment cases are governed by the equitable consideration of not causing injury to the party who obtained the original judgment. *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d at 959; *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939).

Where a default judgment has been rendered, trial courts are permitted to grant new trials conditioned upon the payment of attorney's fees, expenses for witnesses, travel and other costs incurred in obtaining the default judgment. *Equitable General Ins. Co. of Texas v. Yates,* 684 S.W.2d at 671; *United Beef Producers, Inc. v. Lookingbill,* 532 S.W.2d at 959. The amount of attorney's fees awarded is within the sound discretion of the trial court and should not be disturbed absent an abuse of discretion. *Brazos County Water Control and Improvement District No. 1 v. Salvaggio,* 698 S.W.2d 173, 177 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *City of Houston v. Blackbird,* 658 S.W.2d 269, 274 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd w.o.j.). The trial court in determining a reasonable attorney's fee must consider the difficulty and complexity of the case, the amount of money involved, the benefit derived by the client, the amount of time devoted by the attorney, and the skill and experience reasonably needed to perform the services. *Simon v. York Crane & Rigging Compa-*

*ny, Inc.,* 739 S.W.2d 793, 794 (Tex.1987); *Golden v. Murphy,* 611 S.W.2d 914, 916 (Tex.App.—Houston [14th Dist.] 1981, no writ).

The reviewing court should consider the entire record, the testimony, the nature of the case and the amount in controversy and draw upon its common knowledge and experience in determining whether an award of attorney's fees is excessive. *Brazos County Water Control and Improvement District No. 1 v. Salvaggio,* 698 S.W.2d at 177; *Paulus v. Lawyers Surety Corp.,* 625 S.W.2d 843, 845 (Tex.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Golden v. Murphy,* 611 S.W.2d at 916. The usual and customary fee shall be presumed to be reasonable unless rebutted by competent evidence. *City of Houston v. Blackbird,* 658 S.W.2d at 271.

Applying these standards, we find the trial court did not err in conditioning a new trial upon payment of $2500.00 in attorney's fees to Appellee. We hold the evidence is sufficient to support the trial court's finding that $2500.00 is a reasonable fee. We do not find that the amount of attorney's fees ordered by the trial court is excessive. We find no abuse of discretion. Points of error one through four are overruled.

Accordingly, the judgment of the trial court is affirmed.