Affirmed and Memorandum Opinion filed June 15, 2004









Affirmed and Memorandum Opinion
filed June 15, 2004.

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-00971-CV

_______________

 

KURT G. CLARKE, Appellant

 

V.

 

HUNTERS GLEN COMMUNITY
ASSOCIATION D/B/A 

HUNTERS GLEN, SECTION III COMMUNITY ASSOCIATION,
Appellee

___________________________________________________

 

On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 02‑CV‑124930

___________________________________________________

 

M E M O R A N D
U M   O P I N I O N

Appellant, Kurt G. Clarke, appeals from the denial of his
Bill of Review.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.

Background








Appellee, Hunters Glen Community Association (AThe Association@), sued appellant for failure to pay
association dues.  On February 25, 2002,
the trial court granted The Association=s motion for summary judgment.  On July 1, 2002, appellant filed a Bill of
Review.  Trial on the Bill of Review was
set for June 17, 2003.  Appellant filed a
motion for continuance, but the trial court did not rule.  Instead, the court below proceeded with the
trial.  Appellant did not appear. The
Association presented evidence, and the trial court denied appellant=s petition for Bill of Review.  Appellant filed a motion for new trial which
the trial court denied.

Discussion

In his first three issues, appellant claims the trial court
erred when it granted the initial summary judgment because (1) the trial court
did not give him notice of its intent to enter judgment, (2) material issues of
fact existed, and the judgment did not dispose of all the issues or parties,
and (3) the trial court awarded attorney=s fees to The Association.  However, this is an appeal from the denial of
appellant=s Bill of Review, not an appeal from
the grant of The Association=s summary judgment.  A
Bill of Review is an independent suit to set aside a prior judgment.  Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 926B27 (Tex. 1999).  At issue in a Bill of Review is whether a
party, through no fault of his own, has been prevented from making a
meritorious claim or defense by the fraud, accident, or wrongful act of the
opposing party.  Id. at 927.  A Bill of Review does not provide an
opportunity to relitigate the merits of the prior suit.  Cherry v. Altman, 872 S.W.2d 46, 47
(Tex. App.CFort Worth 1994, writ denied).  Additionally, res judicata bars the
relitigation of issues that have already been settled by final judgment.  Id. 
Therefore, because appellant=s first three issues were not before
the trial court in his Bill of Review, they are not properly before us on
appeal.  Appellant=s first three issues are
overruled.    








In his fourth issue, appellant claims the trial court erred
by failing to grant his motion for continuance. 
Appellant has failed to preserve error on this issue.  To preserve error on a trial court=s denial of a motion for continuance,
the movant must obtain a ruling from the trial court.  Tex.
R. App. P. 33.1(a)(2); Direkly v. ARA Devcon, Inc., 866 S.W.2d
652, 656 (Tex. App.CHouston [1st Dist.] 1993, writ dism=d w.o.j.); see Robinson v. The
Devereux Foundation, No. 14-01-00081-CV, 2002 WL 1315631, at *4 (Tex. App.CHouston [14th Dist.] June 6, 2002,
pet. denied) (not designated for publication). 
Nothing in the record indicates the trial court explicitly or implicitly
ruled on appellant=s motion.[1]  See Southwest Country Enter., Inc. v.
Lucky Lady Oil Co., 991 S.W.2d 490, 492B93 (Tex. App.CFort Worth 1999, pet. denied).  Nor did appellant object to the trial court=s failure to rule on his motion.  See Tex.
R. App. P. 33.1(a)(2)(B).  Accordingly,
he has waived this issue.

In his fourth issue, appellant also claims the trial court
erred in denying his motion for new trial on his Bill of Review.  A trial court has wide discretion
on whether to grant a new trial, and this decision will not be disturbed on
appeal absent a showing of a manifest abuse of discretion.   Champion Int=l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988); Allied
Rent-All, Inc. v. Int=l Rental Ins., 764 S.W.2d 11, 13 (Tex. App.CHouston [14th Dist.] 1988, no
writ.).  First, appellant claims he
satisfied all the requirements for a defendant to be entitled to a new trial after
a default judgment, which he claims was entered against him when the trial
court denied his Bill of Review.  See
Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 133 S.W.2d 124, 126
(1939).  However, the judgment against appellant on his Bill of Review was
not a default judgment because it was entered against him, the petitioner, not
the defendant.  See Tex. R. Civ. P. 239 (noting default
judgments are rendered against defendants who have failed to file an
answer).  Therefore, the Craddock requirements
are inapplicable.  








Appellant argues the trial court should have granted his
motion for new trial because he demonstrated that his failure to appear for
trial was a result of his mistaken understanding that the trial would be reset
based on his filing of a motion for continuance.  However, mistake by a party or his attorney,
not induced by the opposing party, is not a reason for granting a new
trial.  Malooly Bros., Inc. v. Napier,
461 S.W.2d 119, 121 (Tex. 1970). 
Accordingly, the trial court did not abuse its discretion by denying
appellant=s motion.  See id.  Appellant=s fourth issue is overruled.  

In a reply brief, appellant also claims the trial court erred
by setting the Bill of Review for trial because the proceeding should have been
automatically stayed when he filed for bankruptcy.  When a debtor files a bankruptcy petition,
all causes of action against the debtor are automatically stayed.  11 U.S.C. ' 362(a) (1993 & Supp. 2004).  Appellant filed for bankruptcy the day after
he filed the petition for Bill of Review.

Appellant
waived error by failing to raise it in his original brief.  See Tex.
R. App. P. 38.3; Zamarron v. Shinko Wire Co., 125
S.W.3d 132, 139 (Tex. App.CHouston
[14th Dist.] 2003, pet. denied). 
However, even if appellant had not waived this issue, he was not
entitled to an automatic stay.  The
automatic stay of the bankruptcy code applies only to actions Aagainst
the debtor.@ 
11 U.S.C. '
362(a).  It does not apply to a debtor=s
offensive claims.  Matter of U.S.
Abatement Corp., 39 F.3d 563, 568 (5th Cir. 1994).  Appellant brought the bill of review and was
the party seeking relief.  See
Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998).  Therefore, the Bill of Review was not an
action against him, and the automatic stay did not apply.  See Matter of U.S. Abatement Corp., 39
F.3d at 568.   

Having
overruled appellant=s issues, the judgment of the trial court is affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed June 15, 2004.

Panel consists of
Justices Fowler, Edelman and Seymore.

 

 











[1]  Appellant did
not set the motion for submission or oral hearing as required by the Fort Bend
County Local Rules of Court.  Fort Bend. (Tex.) Civ. Dist. Ct. Loc. R.
3.3.3, 3.3.4.