Affirmed in Part, Reversed and Remanded in Part, and Opinion filed March
15, 2005









 

Affirmed in Part, Reversed and Remanded in Part, and
Opinion filed March 15, 2005.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01092-CV

____________

 

COLE CHEMICAL
& DISTRIBUTING, INC., Appellant/Cross-Appellee

 

V.

 

BRENDAN F. GOWING,
INDIVIDUALLY AND AS GUARANTOR, Appellee/Cross-Appellant

 



 

On Appeal from the County
Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 776,624

 



 

O P I N I O N

This case involves a commercial
landlord/tenant dispute that ultimately resulted in the tenant,
appellee/cross-appellant Brendan F. Gowing, individually and as guarantor,
being locked out of his leased property. 
The landlord, appellant/cross-appellee Cole Chemical & Distributing,
Inc. (“Cole”), sued Gowing for breach of the rental agreement to recover unpaid
rent and late fees.  Gowing asserted the
affirmative defense of failure to mitigate damages and counterclaimed based on
Cole’s failure to hang a post-lockout notice as required by Texas Property Code
section 93.002(f).  We affirm in part and
reverse and remand in part.








                          Factual and Procedural Background

During the second year of a two-year
lease, Gowing became delinquent in his rental payments.  Each month’s rent included a basic monthly
payment of $3,908.58 plus an additional rent equal to a prorata share of rental
escalations.  After several telephone
calls produced no results, Cole sent a representative to the property to
personally deliver an invoice to Gowing and learned for the first time that
Gowing had moved out of the space and into a larger space across the hall.  Cole delivered the invoice to the new space
and then had the locks changed on the old space.  The payment dispute continued, and Cole sued
Gowing for breach of the rental agreement.

Four and a half months after the lockout,
Cole and Gowing reached an agreement to mitigate damages that allowed Gowing to
reoccupy the leased space for the remainder of the contract term.  Cole maintained its suit to recover unpaid
rent and late fees in addition to attorneys’ fees in the amount of $27,100.  After a bench trial, the trial court found
that Gowing breached the rental agreement but awarded only $976.52 in damages
after deducting $19,220.88 based on its finding that Cole had failed to make
reasonable efforts to re-let the space during the lockout period and therefore
failed to mitigate its damages.  The trial
court also awarded Cole $2,500 in attorneys’ fees.

In four issues, Cole challenges the trial
court’s award of damages and attorneys’ fees. 
Cole argues that the trial court improperly shifted the burden to Cole
to prove that it mitigated its damages during the lockout period and that,
viewed with the proper allocation of burdens, the evidence is insufficient to
support a finding that Cole failed to mitigate its damages.  The trial court refused to award Cole damages
for late fees as specified in the contract, and Cole claims this was error as
well.  Finally, Cole contends that the
trial court abused its discretion in awarding only $2,500 in attorneys’ fees.[1]








In his cross-appeal, Gowing argues that
the trial court erred in rejecting his counterclaim based on Cole’s failure to
post a notice on the door of the leased property after the lockout specifying
where Gowing could obtain new keys upon paying full rent.  See Tex.
Prop. Code Ann. § 93.002(f) (Vernon 1995).

                                                      Analysis

                                             Mitigation
of Damages

The Property Code provides that “[a]
landlord has a duty to mitigate damages if a tenant abandons the leased
premises in violation of the lease.”  Tex. Prop. Code Ann. § 91.006(a)
(Vernon Supp. 2004–2005).  Though it is
the landlord’s duty to mitigate damages, the tenant has the burden of proving
“that the landlord has mitigated or failed to mitigate damages and the amount
by which the landlord reduced or could have reduced its damages.”  Austin Hill Country Realty, Inc. v.
Palisades Plaza, Inc., 948 S.W.2d 293, 299 (Tex. 1997).








The trial court found that Cole’s duty to
mitigate commenced on the date of the lockout and that Cole failed to exercise
reasonable efforts to mitigate its damages during the lockout period by making
reasonable efforts to find a new tenant. 
In its second issue, Cole challenges the legal and factual sufficiency
of the evidence to support the trial court’s finding that it failed to
mitigate.[2]  In reviewing a trial court’s findings of fact
and conclusions of law for factual and legal sufficiency, we apply the same
standards as when reviewing the sufficiency of the evidence to support a jury’s
findings.  Rauscher Pierce Refsnes,
Inc. v. Great Southwest Sav., F.A., 923 S.W.2d 112, 115 (Tex. App.—Houston
[14th Dist.] 1996, no writ).  In
reviewing factual sufficiency, we examine the entire record, considering both
the evidence in favor of, and contrary to, the challenged findings.  See Cain v. Bain, 709 S.W.2d 175, 176
(Tex. 1986).  After considering and
weighing all the evidence, we set aside a fact finding only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.  See Pool v. Ford Motor Co.,
715 S.W.2d 629, 635 (Tex. 1986).  We will
not substitute our judgment for that of the trial court merely because we might
reach a different conclusion.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998).  A legal sufficiency review differs from the factual
sufficiency review we outlined above in that in considering legal sufficiency,
we view the evidence in a light that tends to support the disputed findings and
disregard all evidence and inferences to the contrary.  See Lee Lewis Constr., Inc. v. Harrison,
70 S.W.3d 778, 782 (Tex. 2001).  If more
than a scintilla of evidence exists, it is legally sufficient.  Id. 
More than a scintilla of evidence exists if the evidence furnishes some
reasonable basis for differing conclusions by reasonable minds about a vital
fact’s existence.  Id. at 782–83.

The parties presented conflicting evidence
regarding the reasonableness of Cole’s efforts to re-let the space.  We need not determine whether the trial court
erred in finding that Cole did not make reasonable efforts to mitigate because
we conclude that even assuming Cole’s efforts were inadequate, Gowing failed to
prove the amount of damages that could have been avoided if Cole had mitigated.[3]








A tenant’s proof that the landlord failed
to use objectively reasonable efforts to fill the premises, standing alone, is
not a bar to recovery.  Rather, the
landlord’s recovery is barred “only to the extent that damages reasonably could
have been avoided.”  Austin Hill
Country, 948 S.W.2d at 299; see also Rauscher Pierce, 923
S.W.2d  at 117 (“Appellant also had the
burden of proving the amount the damages were increased by failure to mitigate,
which it failed to meet.”).  Thus, where
a defendant proves failure to mitigate but not the amount of damages that could
have been avoided, it is not entitled to any reduction in damages.  See Regency Advantage Ltd. P’ship v. Bingo
Idea-Watauga, Inc., 928 S.W.2d 56, 62 (Tex. App.—Fort Worth 1995) (holding,
in a landlord/tenant dispute, that even though defendant proved failure to
mitigate damages, because it did not also prove how much the plaintiff’s
damages increased by failure to mitigate, the trial court did not err in refusing
to reduce plaintiff’s damages), aff’d in part, rev’d in part on other
grounds, 936 S.W.2d 275 (Tex. 1997); see also Lester v. Logan,
893 S.W.2d 570, 577 (Tex. App.—Corpus Christi 1994), writ denied, 907
S.W.2d 452 (Tex. 1995) (per curiam) (finding that trial court did not err in
refusing mitigation instruction when defendant failed to produce any evidence
of the amount plaintiff’s damages were increased by the alleged failure to
mitigate); Tex. Dep’t of Human Servs. v. Green, 855 S.W.2d 136, 151
(Tex. App.—Austin 1993, writ denied) (same).








After the trial court found that Cole had
not made reasonable efforts to mitigate, it deducted from Cole’s damages the
full contract rental amount for the entire lockout period.  Though it may have been reasonable to use the
contract price in calculating the amount of damages that could have been
avoided, there is no evidence to support the trial court’s implicit finding
that the full amount of rent accrued during the lockout period could
have been avoided.  Even if Cole had made
every mitigation effort identified by Gowing, there is no evidence that such
efforts would have been successful at all, much less immediately, or of how
much such efforts would have cost.  See
City of San Antonio v. Guidry, 801 S.W.2d 142, 151 (Tex. App.—San Antonio
1990, no writ) (rejecting defendant’s mitigation defense when defendant argued
plaintiff should have moved his business but failed to offer evidence of “how
long it would have taken [plaintiff] to relocate, what the move would have
cost, or how successful he might have been in another location”).  Even a landlord who makes no efforts to
mitigate is entitled to damages for a reasonable amount of time to find a new
tenant and the expenses involved in reasonable mitigation efforts.  See Goodman v. N.Y. City Shoes, Inc. (In
re N.Y. City Shoes, Inc.), 86 B.R. 420, 426–27 (Bankr. E.D. Pa. 1988)
(awarding landlord that made questionable mitigation efforts sixty days of
rent, based in part on a reasonable amount of time to locate and install a
replacement tenant); Olympus Hills Shopping Ctr., Ltd. v. Landes, 821
P.2d 451, 455 (Utah 1991) (affirming trial court’s award of two years of rental
default damages to landlord, even though landlord did not use proper efforts to
mitigate, because it could have taken the landlord two years to re-let the
premises with proper mitigation efforts). 
Gowing failed in his burden to produce such evidence.[4]  Therefore, we hold that there was no evidence
to support a finding regarding the amount by which Cole could have reduced its
damages had it properly mitigated.  We
sustain Cole’s second issue.

                                                       Late
Fees

The trial court did not award Cole any
late fees, based on its finding that Cole had waived its right to late fees by
failing to include them in any invoices to Gowing.[5]  Cole argues that because the rental agreement
did not obligate it to send any invoices, the trial court erred in concluding
that Cole essentially had a duty to invoice Gowing for late fees.








The parties do not dispute the general
principle that a landlord can waive the right to contractual remedies for late
payments by its conduct.  See Straus
v. Kirby Ct. Corp., 909 S.W.2d 105, 107–08 (Tex. App.—Houston [14th Dist.]
1995, writ denied); Zwick v. Lodewijk Corp., 847 S.W.2d 316, 317–18
(Tex. App.—Texarkana 1993, writ denied). 
Cole correctly notes that “a landlord’s past indulgence in accepting
rent a few days late” does not, itself, establish waiver.  Straus, 909 S.W.2d at 109.  However, Cole did more than accept a few late
payments; it sent an invoice to Gowing purporting to show the total amount due
and did not include any late fees.  In
fact, trial testimony established that Gowing was unaware that Cole was seeking
late fees until trial.  The trial court’s
conclusion that Cole had waived its right to collect late fees was not
erroneous.[6]  We overrule Cole’s third issue.

                                                  Attorneys’
Fees

Cole sought attorneys’ fees from Gowing
under Chapter 38 of the Texas Civil Practice and Remedies Code, which provides
for recovery of reasonable attorneys’ fees on a breach of contract claim.  Tex.
Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 1997).  Cole presented expert testimony that its
reasonable and necessary attorneys’ fees through trial were $27,100.  Gowing countered with expert testimony that
$10,000 was the appropriate amount. 
Without explanation, the trial court awarded only $2,500.  In its fourth issue, Cole argues that there
is no evidence to support the trial court’s award and therefore the trial court
abused its discretion since the expert testimony established a minimum of
$10,000 of reasonable attorneys’ fees. 
We disagree.








The trial court’s award of attorneys’ fees
will not be disturbed absent an abuse of discretion.  Mabon Ltd. v. Afri-Carib Enters., Inc.,
29 S.W.3d 291, 302 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  The test for whether the trial court has
abused its discretion is whether it acted without reference to any guiding rules
and principles and thus was arbitrary or unreasonable.  Id. 
The fact finder is not bound by expert testimony on attorneys’ fees and
may award a lesser amount.  State Farm
Fire & Cas. Co. v. Gandy, 880 S.W.2d 129, 139 (Tex. App.—Texarkana
1994), rev’d on other grounds, 925 S.W.2d 696 (Tex. 1996); see also
Armstrong Forest Prods. v. Redempco, Inc., 818 S.W.2d 446, 452–53 (Tex.
App.—Texarkana 1991, writ denied)(affirming trial court’s award of attorneys
fees of $7,500 when the total fee requested with uncontroverted evidence was
over $23,000); Inwood N. Homeowners’ Ass’n v. Wilkes, 813 S.W.2d 156,
157–58 (Tex. App.—Houston [14th Dist.] 1991, no writ) (affirming award of $500
in attorneys’ fees to plaintiff in default judgment action who presented
undisputed evidence of nearly $1,500 in attorneys’ fees).  To determine an appropriate fee award, the
trial judge is entitled to look at the entire record and to view the matter in
light of the amount in controversy, the nature of the case, and his or her
personal experience as a lawyer and judge. Armstrong Forest Prods., 818
S.W.2d at 453; see also Tex. Civ.
Prac. & Rem. Code Ann. § 38.004 (Vernon 1997).  Accordingly, we reject Cole’s argument that
the trial court was bound by the scope of the expert testimony and hold that
the trial court did not abuse its discretion in awarding $2,500 in attorneys’
fees to Cole.  We overrule Cole’s fourth
issue.

Even though the trial court did not abuse
its discretion in awarding $2,500 in attorneys’ fees, we think it is appropriate
to give the trial court an opportunity to reconsider its calculation of
attorneys’ fees in this case.  The amount
a party recovers is one factor to consider in assessing reasonable attorneys’
fees.  Burns v. Miller, Hiersche,
Martens & Hayward, P.C., 948 S.W.2d 317, 327 (Tex. App.—Dallas 1997,
pet. denied); see also Arthur Andersen & Co. v. Perry Equip. Corp.,
945 S.W.2d 812, 818 (Tex. 1997) (one factor in assessing reasonableness of fee
is “the amount involved and the results obtained”); Allied Rent-All, Inc. v.
Int’l Rental Ins., 764 S.W.2d 11, 13 (Tex. App.—Houston [14th Dist.] 1988,
no writ) (trial court should consider “the benefit derived by the client”).  The record does not indicate how the
total amount of damages recovered factored into the trial court’s attorneys’
fee calculation, but it could have been significant.  Because our disposition of Cole’s second
issue regarding mitigation of damages substantially alters the amount of Cole’s
recovery, we reverse the trial court’s award of attorneys’ fees and remand for
reconsideration of attorneys’ fees.  See
State Farm Lloyds v. C.M.W., 53 S.W.3d 877, 894–95 (Tex. App.—Dallas 2001,
pet. denied); Burns, 948 S.W.2d at 327.

                                              Post-Lockout
Notice

Section 93.002(f) of the Texas
Property Code provides as follows:








If a landlord or a landlord’s agent changes the door
lock of a tenant who is delinquent in paying rent, the landlord or agent must
place a written notice on the tenant’s front door stating the name and the
address or telephone number of the individual or company from which the new key
may be obtained. The new key is required to be provided only during the
tenant’s regular business hours and only if the tenant pays the delinquent
rent.   

However, the Property Code also provides that “[a]
lease supersedes this section to the extent of any conflict.”  Tex.
Prop. Code Ann. § 93.002(h) (Vernon 1995).  Cole admits that it did not post this
notice.  It contends that the need for
such notice was negated by the relevant lease provision, which states that the
landlord of a defaulting tenant “may immediately terminate Tenant’s right of
possession of the Premises, . . . and without notice or demand
. . . , change the locks.” 
The trial court agreed with Cole. 
In its issue on cross-appeal, Gowing argues that this was error because
the lease provision addresses only notice before a lockout whereas the
Property Code provision mandates a notice after a lockout.  Cole reads the lease provision more broadly,
asserting that “without notice or demand” covers any pre- or post-lockout
notice.  We need not resolve this issue
because we find that Gowing’s actual notice negates the need for any statutory
notice.

The obvious point of the statutory notice
is to ensure that a tenant whose locks have been changed knows how to obtain
new keys.  The notice would not have
benefitted Gowing, who had already moved out of the space and testified that he
already knew that the building manager had new keys.  In fact, during the lockout, Gowing was able
to obtain re-entry into the space from the building landlord without Cole’s
permission.  Gowing does not argue that
he was prejudiced or damaged in any way by Cole’s failure to post the
notice.  Further, this type of  notice is for the tenant’s benefit only, and
thus failure to provide it did not damage any third parties.  Under these circumstances, we find that
Gowing’s actual notice of how to obtain new keys obviated any need for notice
under section 93.002(f) of the Property Code. 
See Jasper Fed. Sav. & Loan Ass’n v. Reddell, 730 S.W.2d 672,
674–75 (Tex. 1987) (borrower’s actual notice of rights in deed of trust excused
lender’s failure to provide notice required by deed of trust when there was no
showing of prejudice to borrower or public from failure to comply).  We overrule Gowing’s cross-issue.

                                                              








                                                   Conclusion

We sustain Cole’s second issue and hold
that the trial court erred as a matter of law in decreasing Cole’s recovery
based on the defense of failure to mitigate damages and that Cole is entitled
to judgment for the unpaid rents due under the lease during the lockout period
plus prejudgment interest.  Because we
cannot determine this amount as a matter of law from the record, we reverse the
trial court’s judgment and remand for determination of the amount to be awarded
to Cole consistent with this opinion. 
Furthermore, in light of the fact that a greater amount of actual
damages could impact the amount of reasonable attorneys’s fees, we also reverse
the trial court’s determination of attorneys’ fees and remand for
reconsideration in light of the new damages figure.  We affirm the remainder of the trial court’s
judgment.

 

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Opinion filed March 15, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.











[1]  In a cross-point, Gowing argues
that Cole failed to plead and prove all conditions precedent to recovery under
the rental agreement.  Gowing does not
identify a specific condition precedent Cole failed to meet.  In addition, this issue was not addressed in
the trial court’s findings of fact and conclusions of law.  Because Gowing
did not file a request for additional findings under Rule 299, he has waived
this argument on appeal.  See Tex. R. Civ. P. 299; Texmarc
Conveyor Co. v. Arts, 857 S.W.2d 743, 747 (Tex. App.—Houston [14th Dist.]
1993, writ denied); Pinnacle Homes Inc. v. R.C.L. Offshore Eng’g Co.,
640 S.W.2d 629, 630 (Tex. App.—Houston [14th Dist.] 1982, writ ref’d
n.r.e.).  We overrule Gowing’s
cross-point.





[2]  In its first issue, Cole claims
that this somehow amounted to a finding that Cole, not Gowing, had the burden
of proof on mitigation.  We see no
implicit or explicit indication that the trial court used the wrong burden of
proof.  We need not address this issue
due to our disposition of Cole’s second issue.





[3]  Cole also
contends that Gowing had the burden to prove that a suitable tenant was
available, citing Austin Hill Country. 
The court in Austin Hill Country does note that “the replacement
tenant must be suitable under the circumstances,” 948 S.W.2d at 299, but it
does delineate that as a separate element. 
We need not decide whether proof of an available suitable replacement
tenant is required given our conclusion that Gowing failed in his burden to
prove the amount of damages that could have been avoided.





[4]  The only
evidence even close to this point is Gowing’s evidence that he was unsuccessful
in his own efforts to find a replacement tenant.  This evidence suggests re-letting would not
have been instantaneous but still does not establish a reasonable time to find
a new tenant.





[5]  Cole argues
that the trial court did not make a finding on waiver because the findings of
fact and conclusions of law did not use that term.  The parties discussed the issue of waiver at
the bench trial and included proposed findings and conclusions on the
issue.  The trial court clearly had the
issue of waiver before it and implicitly made a finding of waiver when it did
not award Cole any late fees after noting that Cole did not include late fees
in invoices sent to Gowing.





[6]  Cole also
claims that Gowing waived the issue of waiver by failing to plead it.  Cole never made this argument to the trial
court, and it is too late to raise it for the first time on appeal.  Tex.
R. App. P. 33.1(a).