ACCEPTED
04-15-00036-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/14/2015 8:31:54 AM
KEITH HOTTLE
CLERK

No.**04-15-00036-CV**

# IN THE FOURTH COURT OF APPEALS AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/14/2015 8:31:54 AM
KEITH E. HOTTLE
Clerk

_____

### DAVID WAYNE THOMPSON Appellant,

### vs.

### TRAVIS BAILEY AND LISA BAILEY, Appellees

_____

## On Appeal from the 38th Judicial District of Uvalde County, Texas

## (Trial Court Cause No. 2013-07-29422-CV)

_____

## APPELLEES BRIEF
_____

Paul J. Tarski
State Bar No. 19652525
Email: paul@tarskilaw.com
205 North Getty Street
Uvalde, TX 78801
Tel:(830) 278 - 2544
Tel:(830) 278 - 7316
**Counsel for Appellees**

## ORAL ARGUMENT IS REQUESTED

# IDENTITY OF PARTIES AND COUNSEL

In compliance with Tex. R. App. P. 38.1(a), Appellant provides the following list of the parties to the trial court at issue, and the names and addresses of the trial and appellate counsel for the parties:

Appellees:          Travis Bailey and Lisa Bailey

Represented by:     Paul J. Tarski (Trial and Appellate Counsel)
                    State Bar No. 19652525
                    Email: paul@tarskilaw.com
                    Alexandra T. Wegrzyn
                    State Bar No. 24076765
                    Email: alexandra@tarskilaw.com
                    Law Offices of Paul J. Tarski
                    205 N. Getty St.
                    Uvalde, TX 78801
                    Tel:(830) 278 - 2544
                    Tel:(830) 278 - 7316

Appellant:          David Wayne Thompson

Represented by:     Rogelio M. Munoz (Trial and Appellate Counsel)
                    State Bar No. 24044409
                    Email: roy@swtexaslaw.com
                    The Munoz Law Firm
                    231 S. Getty St.
                    Uvalde, TX 78801
                    Tel:(830) 278 - 1150
                    Tel:(830) 278 - 1559

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS.......................................................................... iii

INDEX OF AUTHORITIES...................................................................... iv

REFERENCE CITATION GUIDE ................................................................ vi

STATEMENT OF THE CASE.....................................................................1

STATEMENT REGARDING ORAL ARGUMENT ...............................................2

ISSUES PRESENTED...........................................................................2

   1.  Did the trial court commit reversible error by reinstating the default judgment.

STATEMENT OF THE FACTS ...................................................................2

SUMMARY OF THE ARGUMENT ...............................................................6

ARGUMENT AND AUTHORITY .................................................................7

I.  Standard of Review ......................................................................7

II.  Argument ................................................................................7

CONCLUSION AND PRAYER ..................................................................16

CERTIFICATE OF SERVICE ...................................................................17

CERTIFICATE OF COMPLIANCE .............................................................18

# INDEX OF AUTHORITIES

*Strackbein v. Prewitt,*
671 S.W.2d 37, 38 (Tex. 1984). ................................................................. 7

*Equitable General Ins. Co. v. Yates,*
684 S.W.2d 669, 670 (Tex. 1984). ....................................................... 7, 14

*Johnson v. Fourth Ct. App.,*
700 S.W.2d 916, 917 (Tex. 1985) ............................................................. 7

*Mercedes-Benz Credit Corp. v. Rhyne,*
925 S.W.2d 664 (Tex. 1996). .................................................................... 8

*Regalado v. State,*
934 S.W.2d 852, 854 (Tex. App.--Corpus Christi 1996, no writ) .......... 8, 9

*HB & WM, Inc. v. Smith,*
802 S.W.2d 279 (Tex.App. —San Antonio 1990) ................................. 9, 10

*Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.,*
186 S.W.3d 571, 573-74 (Tex.2006) ......................................................... 9

*Higginbotham v. General Life and Acc. Ins. Co.,*
796 S.W.2d 695, 696-697 (Tex. 1990). .............................................. 11, 12

*Dawson v. Briggs,*
107 S.W.3d 739 (Tex.App.—Fort Worth 2003). ...................................... 12

*Garrels v. Wales Transp., Inc.,*
706 S.W.2d 757 (Tex.App. —Dallas 1986). ....................................... 12, 14

*St. Louis & S. F. R. Co. v. Hale,*
109 Tex. 251, 206 S.W. 75 (1918). ......................................................... 14

*Hale and Ana-Log, Inc. v. City of Tyler,*
520 S.W.2d 819 (Tex.Civ.App. Tyler 1975, no writ). ............................. 14

iv

*In re Baylor Medical Center at Garland,*
28 S.W.3d 227 (Tex. 2008)..........................................................................14

*Allied Rent-All, Inc. v. International Rental Ins.,*
764 S.W.2d 11 (Tex.App. —Houston [14 Dist.] 1988)........................ 14, 15

*Grissom v. Watson,*
704 S.W.2d 325, 326 (Tex.1986);  ............................................................15

*United Beef Producers, Inc. v. Lookingbill,*
532 S.W.2d 958, 959 (Tex.1976).  ............................................................15

## Rules

Tex. R. App. P. 38.1(a)  .................................................................................ii

Tex. R. Civ. P. 103  ............................................................... 3, 4, 5, 8, 9, 11

Tex. R. Civ. P. 106  ..................................................................................3, 10

Tex. R. Civ. P. 118  ....................................................................................... 11

Tex. R. Civ. P. 320 ……………………………………………………….15

## REFERENCE CITATION GUIDE

**The Record on Appeal**

This Brief will refer to the record as follows:

Clerk's Record                                    "CR [*page*]" Clerk's

Supplemental Record                            "CSR [page]"

The reporter's record will be referred to in this brief as follows:

Reporter's Record                              "[volume] RR [*page*]"

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE CASE**

This is an appeal from the trial court's order that vacated a prior order granting a new trial and reinstated a default judgment. Travis and Lisa Bailey (hereinafter "the Baileys") filed suit against David Wayne Thompson (hereinafter "Thompson) for breach of contract arising from construction work that the Baileys had hired Thompson to perform that he failed to complete. (CR 4-13) A default judgment was obtained against Thompson, and he timely filed a motion for new trial (CR 33-34) After a hearing, the trial court granted the motion for new trial and awarded the Bailey's attorney's fees. (CR 55) About two months later, when Thompson had taken no action on the case or made any payment of attorney's fees, the Baileys filed a motion to vacate the prior order granting new trial and to reinstate the prior judgment. (CR 58-60) In response to the motion, after Thompson filed a response motion and there was a full hearing on the issue, the trial court entered a new order making the grant of a new trial conditioned upon the payment of the Bailey's attorney's fees. (2 RR 9; CR 83-85) After Thompson failed to make any attempt to pay the attorney's fees as ordered, the trial court entered an order vacating the order granting the motion for new trial. (SCR 3-4) Thompson now appeals.

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because appellant believes it will assist the Court in clarifying the issues addressed in the brief.

## ISSUES PRESENTED

**ISSUE ONE:** Did the trial court commit reversible error by reinstating the default judgment.

## STATEMENT OF THE FACTS

On July 7, 2013 the Baileys filed suit against Thompson, alleging breach of contract and damages totaling $17,158.87. The suit arose from work the Baileys hired Thompson to perform on their home and on a cabin on their property. (CR 4-6)

On March 21, 2014 the Baileys filed a motion seeking authorization for service to be perfected by leaving a copy of the citation with the petition attached with anyone over 16 years of age or by leaving a copy of the citation with the petition attached to the door of Thompson's residence. Attached to the Baileys motion was an affidavit by their chosen process server Hector Olivarez (hereinafter "Mr. Olivarez"). Mr. Olivarez stated that he was a retired deputy sheriff, and that he had twice attempted service on Thompson but was unsuccessful though

2

Thompson's wife was present at the address and in contact with Thompson. (CR 24-29)

On March 21, 2014 the trial court granted the motion for substituted service, and on March 25, 2014 Mr. Olivarez served the citation and petition on Thompson's wife. (CR 29-30) Thompson was never personally served, but when made aware that his wife had been served it was his belief that he was not required to take action because he thought that a lawsuit could not proceed unless he was personally served. It is undisputed that Thompson had personal knowledge of the lawsuit and that the alternative service was successful in providing service to Thompson. (CR 41-42)

When Mr. Olivarez served Thompson's wife he was a retired sheriff's deputy, and authorized by written order of the court to serve Thompson under rule 106 of the Texas Rules of Civil Procedure. (CR 27-28; 1 RR 9) Mr. Olivares was authorized by written order of the 38th Judicial District Court to serve under rule 103 of the Texas Rules of Civil Procedure on July 17, 2014. (Appendix 1)

Thompson did not file a written answer, and on April 28, 2014 the Baileys obtained a default judgment against him. The judgment awarded $17,158.87 in damages; $711.54 as interest on damages due to the date of the judgment; $7,500 in attorney's fees; and $338.00 in court costs. (CR 33-34)

On May 15, 2014, Thompson timely filed a motion for new trial. (CR 35) In his motion he argued that a new trial should be granted on two grounds. First, he argued that service was defective. He argued that because the process server, Mr. Olivarez, was not authorized to serve under the Texas Rules of Civil Procedure section 103, the service was defective, and without valid service the trial court lacked personal jurisdiction.[1] In the alternative, he argued that his mistake should be excused for cause. (1 RR 6) He argued that his failure to answer was due to accident or mistake, that he had a meritorious defense, and that a new trial would not injure or delay the Baileys because he offered to pay reasonable attorney's fees and costs. (CR 35-43)

In reply, the Baileys argued that Mr. Olivarez was authorized to serve under rule 103 of the Texas Rules of Civil Procedure and that service was properly completed. Alternatively, The Baileys argued that Thompson was well aware of the suit, knew that he had been served via his wife, and the fact he did not understand the citation, and made no response or attempt to understand the citation, did not constitute a mistake of law sufficient to sustain a new trial[2]. (CR 44-54)

---

[1]Mr. Thompson also argued that service was defective because he was never personally served and that substituted service order should not have been authorized. He has not renewed those arguments in this appeal.

[2] Though the Baileys made other arguments in response to the motion for new trial none are applicable here.

A hearing was held on the motion for new trial on June 24, 2014. (1 RR 1) The Order granting defendant's motion for new trial was granted solely on the grounds that the Court excused Thompson's failure to appear for cause. (CR 55) At the conclusion of the hearing, the trial court asked counsel for both parties to research their respective positions and to submit any evidence in support thereof by June 27, 2014. (1 RR 3, 9) In response, the Baileys counsel submitted a letter to the Court dated June 27, 2014. (CR 56-57) At no time did Mr. Thompson's counsel provide the trial court any authority that Mr. Olivarez was not authorized to serve process under Texas Rules of Civil Procedure section 103 as a retired sheriff's deputy.

On July 2, 2014 the trial court granted the motion for new trial, but did not grant the motion based upon defective service. The trial court ordered Thompson to pay the Baileys $4,806.90 in costs associated with the motion for new trial within 30 days from the signing of the order. (CR 33-34). Thompson wholly and completely failed to comply with the court's valid order by not tendering so much as a dime. (2 RR 4)

On August 28, 2014 the Baileys filed a motion to vacate the order granting new trial and a motion to reinstate the prior judgment. The Baileys argued that, because Thompson had failed to pay the attorney's fees, the default judgment should be reinstated. (CR 58-60) On September 10, 2014 a hearing was held on

5

the motion, and the court found that in its initial order granting new trial it did not clearly provide that the motion for new trial was conditionally granted. The court ordered counsel for the Baileys to provide Thompson with their billing statements and ruled that if Thompson objected to the amount of the fees then the court would hold a separate hearing to determine the appropriate amount of attorney's fees. The court also ruled that once the appropriate amount of attorney's fees were determined by the court, the motion for new trial would be conditionally granted. (2 RR 9-11)

On December 8, 2014 the hearing was held to determine the appropriate amount of attorney's fees. The court ordered $2,677.50 in attorney's fees and ordered Thompson to pay those fees on or before January 7, 2015. (3 RR 12)

Thompson failed to pay the attorney's fees, and on February 5, 2015 the trial court entered its order reinstating the prior judgment and vacating the order granting new trial. (CSR 3-4).

## SUMMARY OF THE ARGUMENT

The trial court committed no error granting the motion for new trial, granting a second motion for new trial conditioned upon the payment of fees and costs by Appellant, and then whence Appellant made no effort in any manner to follow the

6

order of the court, vacating the motion for new trial and reinstating the default judgment. The court originally had personal jurisdiction over Appellant as Appellant was properly served, or in the alternative gained personal jurisdiction prior to the entry of the final judgment. The trial court committed no error.

## ARGUMENT AND AUTHORITY

### I.  Standard of Review

A trial court's decision on a motion for new trial is reviewed under an abuse of discretion standard. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984). Trial courts have been vested with broad discretion in ruling upon a motion for new trial and "absent manifest abuse of discretion" the trial court's actions should not be disturbed on appeal. *Equitable General Ins. Co. v. Yates*, 684 S.W.2d 669, 670 (Tex. 1984).

An abuse of discretion occurs only when the trial court's decision is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Ct. App.*, 700 S.W.2d 916, 917 (Tex. 1985), *overruled on other grounds by In re Columbia Medical Center of Las Colinas, Subsidiary, L.P.*, 290 S.W.3d 204, 52 Tex. S.Ct. J. 1016 (Tex. 2009). The test for an abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, and without

reference to any guiding rules and principles. *Mercedes-Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664 (Tex. 1996).

## II. Argument

A. *Service was proper.*

1. *Appellant can cite no case law determining that a retired sheriff's deputy is not covered under Rule 103 of the Texas Rules of Civil Procedure.* Rule 103 lists sheriffs or constables, however in practice the rule allows both actual sheriffs and their deputies to serve citations. Here, the officer, Hector Olivarez, was a known, retired sheriff's deputy who routinely served citations in the county. (CR 50) The trial court was itself unaware that Hector Olivarez's ability to be a process server in Uvalde County was questionable. (1 RR 3) Directly after the motion for new trial was granted, and while the court retained plenary power, the trial court also signed an order authorizing Mr. Olivarez as a process server for Uvalde County, Texas.

There is no requirement in Rule 103 that the sheriff or constable be an active sheriff or constable in order to effectively service citation. The requirement of strict compliance with the rules relating to the issuance of citation, the manner and mode of service, and the return of process does not mandate "obeisance to the minutest detail." *Regalado v. State*, 934 S.W.2d 852, 854 (Tex. App.--Corpus

8

Christi 1996, no writ) (citing *Herbert v. Greater Gulf Coast Enter.*, 915 S.W.2d 866, 871 (Tex. App.--Houston [1 st Dist.] 1995, no writ)). As long as the citation and return show, with reasonable certainty, that the citation was served on the defendant in the suit, service of process will not be invalidated. *Regalado v. State*, 934 S.W.2d at 854.

Appellant cites *HB & WM, Inc. v. Smith* putting forth that the basis for the court's reversal of a default judgment was that the record failed to show affirmative compliance with Rule 103 when the private process server was not authorized. Tex. R. Civ. P. 103. 802 S.W.2d 279 (Tex.App. —San Antonio 1990). (Appellant's Brief, Pg. 10) However, the case at bar is distinguishable and requires a different result.

*HB & WM, Inc.* regards a writ of error, now referred to as a restrictive appeal. *Id.* In a restrictive appeal, defective service of process constitutes error apparent on the face of the record, however the record is not so limited when a default judgement is attacked by a motion for new trial in the trial court. *Fid. & Guar. Ins. Co. v. Drewery Constr. Co., Inc.*, 186 S.W.3d 571, 573-74 (Tex.2006) (discussing differences between restricted appeals and appeals from motions for new trial or bills of review). On an appeal from a motion for new trial the parties may introduce affidavits, depositions, testimony, and exhibits to explain what happened. *Id.* at 574.

It is also important to note that this court in *HB & WM, Inc.* mentions the lack of any evidence regarding the private process server authorization and the limited evidence on the process server actual identity, and then goes on to discuss a number of other issues with the return of service, including the fact that the time on the return was an impossibility. *HB & WM, Inc.* at 281. Additionally, the party at issue in *HB & WM, Inc.* filed an affidavit stating that not only had he never been served, but that at the date and time on the return he was not physically present in the city on the day the citation was allegedly served upon him. *Id.*

The facts in the case at bar can be differentiated as the party testified he had actual knowledge of the suit, was effectively served under rule 106 of the Texas Rules of Civil Procedure, the private process server was a known, retired sheriff's deputy, and Appellant makes no objection to the rest of the return in this appeal. (CR 41-42) (CR 30-32) (CR 55) (CR 29) This is in addition to the fact that the manner of appeal is so different as to require a completely different analysis.

2. *The trial court's Order granting the motion for substituted service authorized Hector Olivarez to serve Appellant*. The trial court's order granting substituted service allowed for "the officer" who was executing the citation to state on the return the manner in which citation was executed. (CR 29) The Order granting substituted service was based upon the affidavit of Mr. Olivarez and the officer as stated in the Order clearly referred to Mr. Olivarez and allowed for Mr.

Olivarez to effectively serve the citation by alternate means. *Id*. (CR 27-28) The return of the citation was properly completed and verified by Mr. Olivarez. (CR 30-32) Rule 103 of the Texas Rules of Civil Procedure allows for service by anyone authorized by written order of the court. The Order Granting Substituted Service granted Mr. Olivarez the ability to properly serve Appellant. (CR 29)

3. *The trial court's Order Granting New Trial was an affirmative amendment of the return allowing Hector Olivarez to serve Appellant*. In *Higginbothem v. General Life*, the Supreme Court held that the trial court has express authority under rule 118 of the Texas Rules of Civil Procedure to allow amendment of the return to reflect the service that was actually had. Tex. R. Civ. P. 118. *Higginbotham v. General Life and Acc. Ins. Co*., 796 S.W.2d 695, 696-697 (Tex. 1990). In the case at bar, the trial court's grant of a new trial to appellant was granted on the sole basis of excusing defendant's failure to appear for cause. (CR 55) The affidavit of Hector Olivarez supporting the motion for substituted service, the return of the substituted service, and Appellant's own admission establish that Appellant had actual notice of the suit and that the citation by substituted service was effective. (CR 27-28; 41-42) The Supreme Court in *Higginbothem* stated that there was no reason to require the trial judge to sign a separate order labeled "Order Granting Amendment of Return" when the record affirmatively shows service of citation, and the trial court in a formal order found the service valid, as

11

the order signed by the trial court was tantamount to an order amending the return. *Higginbothem* at 697. See *Dawson v. Briggs*, 107 S.W.3d 739 (Tex.App.—Fort Worth 2003).

4. *No Service was required after Appellant's appearance to fight the Default Judgment.* Texas case law is well settled that after a defendant appears to attack the default judgment he has "submitted himself to the jurisdiction of the district court and no new service is necessary." *Garrels v. Wales Transp., Inc.,* 706 S.W.2d 757 (Tex.App. —Dallas 1986). Here, Appellant appeared and attacked the default judgment and won the motion for new trial. At that point Appellant had acquiesced to the jurisdiction of the trial court and any further argument regarding service was moot. The trial court granted Appellant's motion for new trial. (CR 55) Appellant is only appealing the later judgment made by the court, not the original default judgment.

At the time the court entered the final appealable order Appellant had entered his appearance. (SCR 3-4) There was never a special appearance filed, Appellant was represented at each of the subsequent hearings held on the case, Appellant filed multiple motions regarding the case and none were subject to any special appearance or plea, and Appellant appeals from the final judgment in the case made months after Appellant's original appearance and the granting of a

motion for new trial all establish the fact that the trial court had gained personal jurisdiction over Appellant.

Appellees believes it is important to note that after the grant of the original motion for new trial Appellant made no effort to do anything in regard to the suit. In fact, at no time did Appellant ever file an answer, even though no additional service was necessary and the court had gained personal jurisdiction over him at the time the motion for new trial was granted. When the motion to vacate and reinstate was filed Appellant still had not filed an answer and fifty-six days had passed since the motion for new trial was granted. At that time Appellee would have been allowed to in essence take (another) default judgment against Appellant based upon the court having gained personal jurisdiction over Appellant and no answer being on file with the court.

B. *The trial court was allowed to make the grant of the Motion for New Trial conditional upon the payment of fees and costs.*

1. *The trial court had personal jurisdiction over Appellant at the time the motion for new trial was conditionally granted.* The trial court first determined that Appellant was entitled to a new trial and granted Appellant that second bite at the apple. The trial court, after hearing and briefing by counsel for both parties, ordered Appellant to pay fees and costs to Appellee within thirty days. (CR 55)

However after more than fifty-six days Appellant had made no attempt to even contact counsel for Appellee much less pay any sum of the ordered fees and costs. (2 RR 4)

At that time the court gave Appellant a third bite at the apple, by revising her prior order and making the grant of new trial explicitly conditional upon payment of fees and costs within an additional thirty days from the date the amount of fees was determined by the court. (CR 83-85) Appellee's counsel submitted all invoices and billing to Appellant's counsel, Appellant's counsel objected and a hearing was held to determine the final number. (CR 69-82; 68) (3 RR 1-13)

During the hearing Appellant's counsel stipulated to Appellee's counsel's billing rate and experience, the court then made a final determination regarding the amount of fees and costs ordered. (3 RR 6-12) Thereinafter, no attempt by Appellant was ever made to pay any sum to Appellee. (SCR 3-4)

As argued above, once a defendant has appeared to attack a default judgment, service is no longer required and the court has obtained personal jurisdiction over the defendant and it is not necessary to serve defendant. *Garrels* 706 S.W.2d 757. See also *St. Louis & S. F. R. Co. v. Hale*, 109 Tex. 251, 206 S.W. 75 (1918); *Hale and Ana-Log, Inc. v. City of Tyler*, 520 S.W.2d 819 (Tex.Civ.App. Tyler 1975, no writ). A trial court maintains jurisdiction to reconsider a new trial order as long as the case is still pending. *In re Baylor Medical Center at Garland*,

14

28 S.W.3d 227 (Tex. 2008). Here, Appellant repeatedly appeared and subjected himself to the trial court's jurisdiction, additionally no special appearance was ever filed. Thus the trial court had personal jurisdiction over the defendant when the motion for new trial was conditionally granted upon the payment of Appellee's costs.

2. *A trial court may grant a motion for new trial conditionally upon specific terms.* Trial courts have great discretion in granting a motion for new trial. Specific terms provided by the court will only be reviewed on an abuse of discretion standard. *Allied Rent-All, Inc. v. International Rental Ins.*, 764 S.W.2d 11 (Tex.App. —Houston [14 Dist.] 1988). See also TEX.R.CIV.P. 320; *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986); *Equitable General Texas v Ins. Co. of. Yates*, 684 S.W.2d at 670; *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex.1976). Trial courts may condition a grant of new trial upon the payment of attorney's fees, expenses for witnesses, travel and other costs incurred in obtaining the default judgment. *Allied Rent-All, Inc. v. International Rental, Ins.,* 764 S.W.2d at 13. *Equitable General Ins. Co. of Texas v. Yates*, 684 S.W.2d at 671; *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d at 959. The case law is definitive in its grant of broad authority to the district courts to make equitable determinations regarding new trials. Appellant misconstrues case law as limiting conditional grants of new trial to causes determined under the Craddock factors,

but he provides no case law to support this contention. None of the case law provided regarding equitable determinations on conditional grants of new trial limits the court's discretion to specific fact situations.

In the case at bar, the trial court placed reasonable conditions on Appellant's new trial based upon the facts of the case as established through a number of hearings. The trial court exercised its discretion in a limited function to provide an equitable solution to the case, giving Appellant repeated options to have his case re-started from its inception, none of which Appellant utilized.

## CONCLUSION AND PRAYER

For these reasons, Travis Bailey and Lisa Bailey, Appellees, requests that this court affirm he trial court judgment.

Respectfully Submitted,

_____
PAUL J. TARSKI
Attorney for Appellees
State Bar No. 19652525
205 N. Getty Street
Uvalde, Texas  78801
Ph:  (830) 278-2544
Fax:  (830) 278-7316

**CERTIFICATE OF SERVICE**

I certify that a true copy of this brief was served by electronic mail on April 14, 2015 on the following counsel of record:

Mr. Rogelio M. Munoz
231 South Getty Street
Uvalde, Texas 78801
roy@swtexaslaw.com

_____
PAUL J. TARSKI

17

## CERTIFICATE OF COMPLIANCE

I certify that, per Tex. R. App. 9.4, this brief: (1) contains 3,451 words except for the exempted portions of Tex. R. App. 9.4(i)(1); and (2) has been prepared in conventional typeface no smaller than 14-point for text and 12-point for footnotes.

_____
PAUL J. TARSKI

## APPENDIX

**TAB 1**             Standing Order Granting Hector P. Olivarez to Serve Process

# TAB 1

MISCELLANEOUS DOCKET NO. L-2014-07-01

| In Re | § | In The 38th Judicial District Court |
|---|---|---|
| Hector P. Olivares | § | Of |
| Process Server | § | Uvalde County, Texas |

## STANDING ORDER AUTHORIZING HECTOR P. OLIVARES TO SERVE PROCESS

The Court, having considered the motion of Hector P. Olivares to serve process for the courts of Uvalde County, Texas and

Having considered the employment history, training and prior experience of Hector P. Olivares.

The Court GRANTS the Motion of Hector P. Olivares, IT IS THEREFORE ORDERED THAT:

Hector P. Olivares
320 E. Oak
Uvalde, Texas 78801
TEL No. 830-333-4020

Shall have a standing order authorizing him to serve process for documents issued by the courts in Uvalde County, Texas.

This order shall remain in effect until modified by further order of the court.

Signed on ___July 17, 2014___, 2014

_____
JUDGE PRESIDING

FILED 4:00 PM 07/17 2014
CHRISTINA J. OVALLE
CLERK DISTRICT COURT UVALDE COUNTY TEXAS

DEPUT